**Randall Kirk HURLEY, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–00463–CR.**

Court of Appeals of Texas,
Dallas.

March 26, 2004.

John Hendrik, Duncanville, for Appellant.

William T. (Bill) Hill, Jr. and Cheryl D. Holder, Assistant District Attorney, Dallas, for the State.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice MOSELEY.

In this case we must determine whether an order placing a defendant on deferred adjudication community supervision is a "conviction," authorizing the trial court to cumulate the deferred adjudication with a prison sentence from a conviction in another case. Because a deferred adjudication order does not involve a "conviction," we conclude it cannot be the subject of cumulative sentencing under Texas law. For that reason, we sustain appellant Randall Kirk Hurley's sole point of error, modify the trial court's order deferring adjudication of guilt to delete the order cumulating the sentences, and affirm the order as modified.

Hurley waived his right to a jury trial and entered non-negotiated guilty pleas to the charges of indecency with a child under seventeen and aggravated sexual assault of a child under fourteen.[1] The trial court found him guilty on the first charge and sentenced him to fifteen years' confinement and a $2000 fine. The trial court deferred adjudicating Hurley's guilt on the second charge, placed him on community supervision for ten years, and ordered the community supervision to begin after Hur-

ley served his sentence on his indecency with a child conviction. Hurley appeals the order for deferred adjudication in the aggravated sexual assault case.[2] In a single point of error, Hurley argues that the trial court erred in attempting to cumulate the deferred adjudication community supervision with the prison sentence.

We review the trial court's decision to stack or cumulate sentences for an abuse of discretion. *See Nicholas v. State,* 56 S.W.3d 760, 764–65 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). To determine whether the trial court abused its discretion in this case, we must determine whether an order for deferred adjudication is a conviction for purposes of the statutes authorizing cumulative sentences. An improper cumulation order is a void sentence and error may be raised at any time. *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex. Crim.App.1992).

Cumulative sentencing is permitted only as provided by statute. *Cook v. State,* 824 S.W.2d 634, 641 (Tex.App.-Dallas 1991), *pet. ref'd,* 828 S.W.2d 11 (Tex. Crim.App.1992) (per curiam). When a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction either (1) to begin to run after the judgment and sentence imposed in the preceding conviction has ceased to operate, or (2) to run concurrently with the judgment and sentence imposed in the preceding conviction. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(a)[3]

---

1. The record reflects the victim was under the age of fourteen at the time of the offenses.

2. A defendant may appeal an order deferring adjudication. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp.2004), art. 44.02

(Vernon 1979); *Manuel v. State,* 994 S.W.2d 658, 661 (Tex.Crim.App.1999).

3. (a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had

(Vernon Supp.2004). If the convictions arise out of the "same criminal episode" and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses, including sex crimes against children, and the trial court exercises its discretion to cumulate or stack the sentences. *See* TEX. PEN.CODE ANN. § 3.03[4] (Vernon 2003).

Hurley argues that because he was granted deferred adjudication in the aggravated sexual assault case, he was never convicted or found guilty of two or more offenses, and thus the trial court lacked authority under either article 42.08 or section 3.03(b) to stack his community supervision onto his prison sentence for the indecency with a child conviction. The State argues that deferred adjudication should be considered a conviction for purposes of cumulative sentencing by liberally construing the word "conviction" to include the entry of a guilty plea. We agree with the State's admission that there is a "notable dearth" of authority on the issue of cumulation of sentences and deferred adjudication orders. Moreover, what authority there is does not favor the State's position.

 When interpreting a statute, we necessarily focus on the literal text of the statute to discern the plain meaning of that text at the time of the statute's enactment. *See Ex parte Evans,* 964 S.W.2d 643, 646 (Tex.Crim.App.1998); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). If the literal text of the statute is clear and unambiguous, we give effect to its plain meaning without resorting to extraneous means to interpret the statute, unless the plain meaning would lead to

---

been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years, and the cumulative total of suspended sentences in misdemeanor cases shall not exceed the maximum period of confinement in jail applicable to the misdemeanor offenses, though in no event more than three years, including extensions of periods of community supervision under Section 22, Article 42.12, of this code, if none of the offenses are offenses under Chapter 49, Penal Code, or four years, including extensions, if any of the offenses are offenses under Chapter 49, Penal Code.

TEX.CODE CRIM. PROC. ANN. art. 42.08(a).

4. (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

. . .

(2) an offense:
(A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or
(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section.

TEX. PEN.CODE ANN. § 3.03.

absurd results. *Kutzner v. State,* 75 S.W.3d 427, 433 (Tex.Crim.App.2002) (citing *Boykin,* 818 S.W.2d at 785).

The term "conviction" is not specifically defined in the constitution or the code of criminal procedure. We thus look to the commonly accepted definition of the term. TEX.CODE CRIM. PROC. ANN. art. 3.01 [5] (Vernon 1977). The court of criminal appeals has recognized that the term "conviction" may mean different things in different statutes, but the court "has most often 'construed the term "conviction" to mean a judgment of guilt and the assessment of punishment.'" *Ex parte Evans,* 964 S.W.2d 643, 646–47 (Tex.Crim.App.1998) (quoting *Ex parte Renier,* 734 S.W.2d 349, 365 (Tex.Crim.App.1987) (Teague, J., dissenting)).

■ Further, in *McNew v. State,* 608 S.W.2d 166, 171 (Tex.Crim.App.1978), the court of criminal appeals considered the meaning of "conviction" in connection with the deferred adjudication statute. After discussing cases construing the meaning of "conviction" in various settings, including post-conviction motions, the court concluded: "The foregoing cases reveal that a 'conviction,' regardless of the context in which it is used, *always involves an adjudication of guilt.*" *McNew,* 608 S.W.2d at 172 (emphasis added). Because the procedures for granting deferred adjudication do not involve an adjudication of guilt until after probation is revoked, the court concluded that "it is clear that a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a

'conviction.'" *Id.*[6] Thus it seems clear that, whatever else a conviction may be, it must include an "adjudication of guilt."

The deferred adjudication statute provides that the judge "may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, *defer further proceedings without entering an adjudication of guilt,* and place the defendant on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2004) (emphasis added). Thus, under the express terms of article 42.12, section 5(a), placing a defendant on deferred adjudication is not an adjudication of guilt. *See Travis County Attorney v. J.S.H.,* 37 S.W.3d 163, 166 (Tex.App.-Austin 2001, no pet.) ("That an adjudication of guilt must precede a final conviction has been clearly stated by the court of criminal appeals."). Because it does not include an adjudication of guilt, it follows that a deferred adjudication order is not a conviction. *See McNew,* 608 S.W.2d at 172.

Courts have also concluded that deferred adjudication is not a "conviction" in other contexts. For example, the court of criminal appeals recently concluded that a motion for new trial is not an available remedy following an order for deferred adjudication because there has been no finding of guilt. *Donovan v. State,* 68 S.W.3d 633, 636–37 (Tex.Crim.App.2002). "A defendant on deferred adjudication has not been found guilty. That is one of the signal benefits of deferred adjudication as

5. "All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined." TEX.CODE CRIM. PROC. ANN. art. 3.01.

6. *McNew* considered the meaning of "conviction" in the context of an argument concerning the constitutionality of the deferred

adjudication statute. The court upheld the statute's constitutionality by concluding that "probation" before conviction was authorized by the legislature's general authority to define crimes and fix penalties under article 3, section 1 of the constitution. *McNew,* 608 S.W.2d at 176 (op. on reh'g).

opposed to, for instance, regular community supervision. When adjudication is deferred, there is no 'finding or verdict of guilt.'" *Id.* at 636 (citing *Watson v. State*, 924 S.W.2d 711, 715 (Tex.Crim.App.1996) ("Of course, an accused who has been placed on deferred adjudication probation has been neither convicted nor found guilty.")).[7] In addition, deferred adjudication is not a previous conviction for purposes of eligibility for jury-recommended community supervision in a later case. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 4(e); *Ex parte Welch*, 981 S.W.2d 183, 184–85 (Tex.Crim.App.1998).

The State argues that the plain meaning of the statute leads to absurd results because limiting the definition of conviction to exclude deferred adjudication conflicts with the stated purpose of the community supervision statute to remove limitations that have acted as barriers to effective systems of community supervision in the public interest. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 1.

 Under the statute as written, when a trial court enters an order deferring adjudication and placing a defendant on deferred adjudication community supervision, it does not convict the defendant. *Donovan*, 68 S.W.3d at 636. Rather, it defers the adjudication of guilt, entering no "finding or verdict of guilt." *Id.* The trial court has broad discretion to fashion appropriate plans using the full range of punishment, community supervision, and deferred adjudication community supervision. However, under the statute as written the trial court does not have discretion to stack two sentences until a defendant has been convicted of two or more offenses and sentences are imposed or suspended in those cases. We thus conclude that the

plain meaning of the statute does not lead to an absurd result.

The State also argues that the trial court should have the discretion to fashion an individualized plan combining both punishment and community supervision to benefit both society and the defendant. This argument is inapposite. A public policy argument that a trial court should have discretion to stack deferred adjudication community supervision on a conviction does not mean that the plain meaning of a statute not providing such discretion leads to an "absurd result."

 Moreover, although the court of criminal appeals has recognized that amendments to article 42.08 were "clearly designed to broaden a trial court's ability to stack sentences," *Pettigrew v. State*, 48 S.W.3d 769, 772–73 (Tex.Crim.App.2001), that discretion arises once a sentence has been imposed or suspended in two or more cases. In a deferred adjudication order, sentence is neither imposed nor suspended. *See Donovan*, 68 S.W.3d at 636. Thus, the statute as written gives the trial court the discretion to fashion an individualized plan, but does not grant discretion to stack a deferred adjudication order onto prison time. We conclude this is not an "absurd result" as would require us to vary from the plain meaning of the statute as written.

The State also argues that a deferred adjudication for certain sex offenses can be used as a previous conviction for purposes of enhancement under penal code section 12.42. Section 12.42(g) provides that a defendant has been previously convicted of an offense listed under subsection 12.42(c)(2)(B) if the defendant "was adjudged guilty of the offense or entered a

---

7. In *Donovan,* the court of criminal appeals also rejected the argument that a finding that the evidence substantiates the defendant's

guilt in a deferred adjudication is a finding of guilt. *See Donovan,* 68 S.W.3d at 636.

plea of guilty or nolo contendere in return for a grant of deferred adjudication." Tex. Pen.Code Ann. § 12.42(g) (Vernon Supp. 2004). We need not decide whether a plea without an agreement as to punishment may be considered to be a plea "in return for a grant of deferred adjudication" under section 12.42(g) because that subsection only applies "for the purposes of subsection (c)(2)" of section 12.42. *Id.* Neither of the cumulative sentencing statutes, article 42.08 and section 3.03, contains a similar provision equating a plea in return for deferred adjudication to a previous conviction. The existence of such a provision in section 12.42 and its absence from both of the cumulative sentencing statutes support the conclusion that a deferred adjudication order is not a conviction for purposes of cumulative sentencing.

The State also cites federal authority construing federal statutes in support of its contention. *See Garnica–Vasquez v. Reno,* 210 F.3d 558, 560 (5th Cir.2000) (deferred adjudication considered conviction for purposes of federal deportation laws); *United States v. Stauder,* 73 F.3d 56, 57 (5th Cir.1996) (deferred adjudication considered conviction in calculating base offense level for later conviction under federal sentencing guidelines). These cases were not decided under the Texas cumulative sentencing statutes. They were based on federal statutes and sentencing guidelines that expressly include admissions of guilt without a formal conviction in the respective definitions of a conviction. *See Moosa v. I.N.S.,* 171 F.3d 994, 1005–06 (5th Cir.1999) (discussing amendments to Immigration and Nationality Act); *Stauder,* 73 F.3d at 57 (discussing commentaries to federal sentencing guidelines). Based on the plain meaning of the Texas statutes and the available court of criminal appeals authority, the federal authority cited by the State is not persuasive.

Accordingly, we conclude Hurley's deferred adjudication was not a conviction or finding of guilt for purposes of article 42.08 and section 3.03(b). Therefore, the trial court abused its discretion in ordering the deferred adjudication to begin after Hurley served his sentence for indecency with a child. We sustain Hurley's point of error. We modify the trial court's order deferring adjudication of guilt to delete that portion requiring Hurley's deferred adjudication community supervision to begin after Hurley's sentence for indecency with a child ceases to operate. As modified, we affirm the trial court's order deferring adjudication of guilt.