Opinion issued November 10, 2004.











In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00747-CR
          01-03-00748-CR




ISAL BEHIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 924287 & 931609




MEMORANDUM OPINION

          A jury found appellant, Isal Behis, guilty of two counts of intoxication
manslaughter and assessed punishment at 15 years’ confinement for each offense. In
two issues, appellant contends that (1) his trial counsel rendered ineffective
assistance, when, during voir dire, his trial counsel failed to object to a hypothetical
posed by the trial court and (2) the trial court erred in “cumulating” his two sentences. 
We reform the judgment of the trial court and, as reformed, affirm.
Background
          Appellant was charged with intoxication manslaughter after he was involved
in an automobile accident that resulted in the death of Latonya Johnson and Cathie
Lathan. During voir dire, the trial court stated that the sentencing range for
intoxication manslaughter was two years community supervision up to 20 years’
confinement, and it asked each venireperson if he would be able to consider the full
range of punishment. Some veniremembers revealed their reluctance to consider the
lower end of the punishment range. To address one veniremember’s concern about
the lesser punishment, the trial court, in open court, offered the following
hypothetical as an example of when a lesser punishment might be appropriate: Trial court:Let me ask you this question: There’s not a case
where you can imagine that 2 years’ probation
would be an appropriate sentence? You don’t have
to come up with it in your mind.
 
          Veniremember:     I cannot imagine a case where two people died and
the defendant was found guilty. . . . 
 
          Trial court:            We’re only talking—remember, we can’t talk about
this case. We’re talking about a conviction for
intoxication assault.
 
Let me throw something out to you. Let’s say you
got into a situation where you had somebody who’s
never been in trouble before and they found out that
their mother dropped dead of a heart attack, who
they were very close to, and went out and had—not
a drinker, went out and had two drinks. On the way
home, caused an accident. Didn’t intend to cause an
accident, obviously, and somebody died. Went out
the next day, got themselves into a treatment
program—even though he probably didn’t need
it—did everything they were supposed to do. Can
you see where that might be a situation
where—rather than a person who goes to a bar and
drinks every single night and gets in their car and
drives?
 
          Veniremember:     I can see that.
 
          Trial court:            That’s why I throw that out. I’m just saying there
might be a set of facts and circumstances where, you
know . . . . 
 
          Veniremember:     Well . . . .
 
          Trial court:            That’s why I’m kind of throwing that one out as
opposed to somebody who goes out every night and
drinks and has five DWI convictions and was
driving 90 miles an hour with no regard for
anything. That person—and after somebody died,
didn’t do anything about their drinking problem.
 
          Veniremember:     (Nods head affirmatively.)
 
          Trial court:            See?
 
          Veniremember:     Yes.
 
Neither side objected to the above exchange. Shortly thereafter, a jury was chosen
and appellant’s trial began. The jury found appellant guilty of causing the deaths of
two young women as a result of driving while intoxicated. At the close of the
punishment stage, the jury imposed 15-year sentences for each offense. The State then
asked the trial court to cumulate these sentences. The trial court granted this motion
and sentenced appellant to two, consecutive 15-year sentences.
Ineffective Assistance 
          In his first issue, appellant contends that his trial counsel rendered ineffective
assistance when, during voir dire, his trial counsel failed to object to a hypothetical
posed by the trial court. Specifically, appellant argues that the judge posed the
hypothetical in an attempt to commit the veniremembers to a particular set of facts
and, because his trial counsel failed to object, the veniremembers formulated an
unfair opinion as to when it was appropriate to give someone probation as opposed
to incarceration. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). See also Hernandez v. State, 726 S.W.2d 53-55 (Tex. Crim. App. 1986). 
Appellant must show that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) but for
counsel’s error, the result of the proceedings would have been different. Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the defendant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. There is a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Id., at 689, 104 S. Ct. at 2065.
Thus, to prevail on an ineffective assistance of counsel claim, the defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Id. Assertions of ineffective assistance of
counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835
(Tex. Crim. App. 2002). In the absence of a record reference concerning counsel’s
reasoning, we must generally presume that appellant’s trial counsel had a plausible
reason for his actions. Thompson, 9 S.W.3d at 814.
          In this case, there was no motion for new trial; therefore, the record is silent
regarding counsel’s tactics or strategy concerning his reason for not objecting to the
trial court’s hypothetical. To find that appellant’s trial counsel was ineffective would
call for speculation, which this Court will not do. See Gamble, 916 S.W.2d at 93.
          We overrule appellant’s first issue.
 
Sentencing
          In his second issue, appellant contends that the trial court erred in “cumulating”
his two sentences. According to appellant, “the judgments reflect that cause number
924287 was ordered to be served after the sentence in cause number 931609 had been
served, and cause number 931609 was ordered to be served after the sentence in
cause number 924287 has been served[]” and, thus, the order is an “impossibility.” 
(Emphasis added.)
          We review a sentence imposed by the trial court for abuse of discretion. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Cumulative
sentencing is permitted only as provided by statute. Cook v. State, 824 S.W.2d 634,
641 (Tex. App.—Dallas 1991, writ ref’d). When a defendant has been convicted in
two or more cases, the trial court has discretion to order the judgment and sentence
imposed in the second conviction either to (1) begin to run after the judgment and
sentence imposed in the preceding conviction has ceased to operate or (2) run
concurrently with the judgment and sentence imposed in the preceding conviction. 
Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2005). If the convictions
arise out of the “same criminal episode” and the cases are tried together, the sentences
must run concurrently unless the convictions are for certain specified offenses,
including intoxication manslaughter, and the trial court exercises its discretion to
cumulate or stack the sentences. Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2005);



Hurley v. State, 130 S.W.3d 501, 504 (Tex. App.—Dallas 2004, no pet.). 
          Appellant asks us to “order that the judgment in the lower cause number,
924287, be amended to delete the order that it be served consecutively to cause
number 931609” so that the Texas Department of Criminal Justice may have “a court
order that can be understood and enforced without undue confusion.” The State
responds that appellant has misinterpreted the judgment addendums and that the order
simply reflects that the two sentences are to be served consecutively, but does not
mandate which sentence should be served first. In the alternative, the State asks us
to reform the judgment to reflect the sentence actually imposed by the trial court. 
          Here, appellant was convicted of two counts of intoxication manslaughter and 
the trial exercised its discretion in imposing consecutive sentences. Thus, we hold
that the trial court did not abuse its discretion. Tex. Pen. Code Ann. § 3.03; Hurley,
130 S.W.3d at 504. We do, however, reform the judgment to reflect the sentence
imposed by the trial court. Accordingly, the sentence in cause number 931609 will
not begin until the sentence in cause number 924287 is completed. 
          We overrule appellant’s second issue.
Conclusion
          We reform the judgment in cause number 931609 to reflect that the sentence
imposed by the trial court will not begin until the completion of the sentence imposed
in cause number 924287, and, as reformed, we affirm the judgment of the trial court. 



                                                             George C. Hanks, Jr.
                                                             Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).