DeMOSS, Circuit Judge,
dissenting in part:
With all due respect for the majority, I cannot join the majority opinion in its entirety.
*531 As indicated in the majority opinion, these three separate appeals are before us on grant of certificates of appealability (COAs) by the district court as follows:
1. “The district court granted Caldwell a COA to this court on whether the district court erred in determining all issues relating to Caldwell’s guilty plea and the deferred adjudication community supervision became final thirty days after the order was imposed, rather than thirty days after the formal adjudication of guilt”;
2. “The district court granted Martinez a COA on whether his conviction became final after the expiration of the time for appealing his guilty plea and the deferred adjudication or if his conviction became final after the expiration of the time for appealing the state court’s judgment adjudicating guilt”; and
3. “The district court granted a certificate of appealability to Beck on the issue of when a conviction and imposition of probationary sentence, which is subsequently revoked, is final for purposes of AEDPA’s one year statute of limitation.”
In my view, the majority errs in its answers to the COAs in Caldwell’s and Martinez’s appeals where it concludes that the initial order of deferred adjudication by the state trial court constitutes a final judgment that starts the running of the one-year statute of limitation under AED-PA’s § 2244(d). See 28 U.S.C. § 2244(d). In my view, the majority is correct in concluding as to Beck that the judgment of conviction based on the jury verdict and the fixing of Beck’s sentence, even though that sentence was probated pursuant to the jury recommendation, constitutes a final judgment that starts the running of the one-year statute of limitations under § 2244(d).
The two processes available under Texas statutory provisions, i.e., deferred adjudication on the one hand and probating the sentence on- the other hand, are separate and distinct processes intended to serve separate and distinct purposes. In my view, deferred adjudication under Texas law is a process intended to give selected offenders an opportunity to avoid the stigma inherent in the entry of a judgment of guilt for a felony offense by postponing the actual determination of guilty for a period of years during which a defendant who complies with the conditions specified by the sentencing judge during that term can ultimately receive a dismissal of the indictment or information against him. See Ex parte Laday, 594 S.W.2d 102, 104 (Tex.Crim.App.1980). If, however, the defendant fails to comply with the conditions of the deferred adjudication term, a judge can revoke the term of deferred adjudication, enter an order adjudicating the defendant’s guilt, and fix the sentence to be served by the defendant. See Dahlkoetter v. State, 628 S.W.2d 255, 257-58 (Tex. App.—Amarillo 1982). Straight probation of a sentence on the other hand occurs only after a defendant has been adjudicated guilty of an offense and his sentence has been fixed, but the sentencing judge, either upon his own recommendation or upon a recommendation by the jury, permits the defendant to serve his sentence on probation without actual incarceration.
There are two absolute essentials to a final júdgment in a criminal case: first, a determination of guilt or the absence of guilt and second, if the defendant is found guilty, a sentence imposing a fine or requiting the defendant to serve time in prison as punishment for that crime. See Hurley v. State, 130 S.W.3d 501, 505 (Tex. App.—Dallas 2004, no pet.h). In the circumstance of a deferred adjudication, these two essential elements are not determined at the time of the initial order for deferred adjudication, but are instead determined at some later time if, as, and *532 when the defendant on deferred adjudication violates a condition of that deferred adjudication. See Tex.Code Crim. Proc. art. 42.12 § 5(a); Hurley, 130 S.W.3d at 505-06. In the case of a defendant whose sentence is probated, the two essentials of determination of guilt and determination of the punishment for the crime have been determined, but for reasons separate and distinct from his guilt or punishment, the defendant is given the opportunity to serve his sentence on probation instead of in prison.
In further support of the distinction between these two processes under Texas law, I would point out that the term of years for deferred adjudication and the term of years to be served after adjudication are not the same. Caldwell and Martinez both received ten years of deferred adjudication but each got substantially longer terms of imprisonment as punishment when guilt was adjudicated. In the case of Becks’s straight probation, however, the years of probation were the same as the years of punishment.
As the majority opinion points out, the issues raised by the COAs before us in these three appeals are issues of first impression before this Court and there is substantial conflict in the federal district courts as to the proper resolution of these issues. As indicated by footnote ten in the majority opinion, five previous district court opinions previously reached the same conclusion as I do that an initial order of deferred adjudication is not a final judgment. That conclusion was likewise reached by the district court in Martinez’s case, so there have been six prior determinations by our district courts supporting my yiew. Footnote ten of the majority opinion indicates the three prior cases in which district courts have reached the same conclusion as the majority opinion; and to that we must add the conclusion of the district court in Caldwell’s case, so the final count is six to four among the district courts favoring my view of the significance of deferred adjudication.
One final consideration that motivates me to dissent from the majority’s determination that the initial order in a deferred adjudication process starts the one-year statute of limitation running is that most defendants and their counsel have little cause to worry about seeking appeal or habeas relief when the order entered by the state trial judge in effect says “I’m not going to adjudicate you guilty at this time, but give you a period of years to earn a dismissal of the charges against you by complying with the conditions of the deferred adjudication term I am defining for you.” I am aware, of course, of the abuses Congress intended to eliminate through the restrictions created by AEDPA, one of which is the new one-year statute of limitation in § 2244(d). I genuinely doubt, however, that Congress specifically addressed the circumstance of an order of deferred adjudication under Texas law when it fixed one of the dates for the beginning of the one-year statute of limitation as “the date on which the judgment became final”. The more likely date Congress contemplated is the date on which the state court actually adjudicates guilt and fixes the sentence in order to satisfy Congress’s policy of having a limitation period and still avoid the inadvertent loss of the remedial benefits of the Great Writ, as occurred with Caldwell and Martinez in this appeal under the majority’s approach.
I would reverse the judgments of the district court in Caldwell and Martinez, and affirm the judgment of the district court in Beck.