Affirmed as Reformed and Memorandum Opinion filed February 10, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00489-CR

NO. 14-10-00490-CR

NO. 14-10-00491-CR

NO. 14-10-00492-CR

___________________

 

OSCAR NORMAN GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 209th District Court

Harris County,
Texas



Trial Court Cause Nos. 1197985, 1257869, 1257870, 1257871

 



 

 

MEMORANDUM OPINION

            A jury convicted appellant of two cases of aggravated
sexual assault of a child and two cases of indecency with a child.  The jury
assessed punishment at confinement for 10 years (Appeal No. 14-10-00489; Trial
Court Cause No. 1197985), 15 years (Appeal No. 14-10-00490; Trial Court Cause
No. 1257869); 5 years (Appeal No. 14-10-00491; Trial Court Cause No. 1257870);
and 5 years (Appeal No. 14-10-00492; Trial Court Cause No. 1257871), in the
Texas Department of Criminal Justice, Institutional Division.  The trial court
ordered the sentences to run consecutively.  Appellant raises two issues on
appeal, both regarding the “stacking” of his sentences.

            In
his first issue, appellant claims the trial court abused its discretion by
permitting the jury to determine whether appellant’s sentences would be stacked. 
The record reflects that during deliberations in the punishment phase, the jury
sent the trial court a note inquiring whether the sentences would run
sequentially or concurrently.  The trial court replied, “It will be the court’s
decision.”  The jury returned sentences of 10, 15, 5, and 5 years.  Before
excusing the jury, the trial court informed them he wanted their input on
whether the sentences should be stacked.  

            The
record is unclear as to whether the trial court did consult the jury.  When
court reconvened, the trial court granted the State’s motion to stack the
sentences.  Appellant concedes no objection was made but asserts that the error
cannot be waived because an improper cumulation order is void.  The authority
relied upon by appellant does stand for the proposition that a defect which
renders a sentence void may be raised at any time. See LaPorte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); Hendrix v. State,
150 S.W.3d 839, 852 (Tex. App. – Houston [14th Dist.] 2004, pet. ref’d); Hurley
v. State, 130 S.W.3d 501, 503 (Tex. App. – Dallas 2004, no pet).  However,
in those cases the facts showed the proceeding was a single criminal action
arising out of the same criminal episode.  See LaPorte 840 S.W.2d at 415
(Tex. Crim. App. 1992).  Under such facts, the trial court may not order
consecutive sentences.  Id.  

            In
appellant’s case, the sentences may run consecutively regardless of whether
they arise out of the same criminal episode because they involve sex crimes
against a child.  See Tex. Pen. Code § 3.03 (a)(2) (Vernon Supp. 2009); Hendrix,
150 S.W.3d at 852; and Hurley, 130 S.W.3d at 504, n. 4.  Appellant cites
no authority, and we are aware of none, that the trial court’s decision to seek
the jury’s input renders the cumulation order void.

            To
preserve error for appellate review, a party must present a timely request,
objection or motion to the trial court, state the specific grounds for the
objection, and obtain a ruling.  See Tex. R. App. P. 33.1(a).  See
Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000) (stating an
objection is required to give the trial court an opportunity to correct the
error).  Appellant’s complaint is waived and his first issue is overruled.

            In
his second issue, appellant claims the cumulation orders lack the necessary
specificity required by law and are therefore void.  The following five
elements should normally be included in a court's cumulation order: (1) the
trial court number of the prior conviction; (2) the correct name of the court
where the prior conviction was taken; (3) the date of the prior conviction; (4)
the term of years of the prior conviction; and (5) the nature of the prior
conviction.  Id. at 461.  This information is supplied to inform the
penitentiary authority how long to detain the convict.  Id. at 462.  An
insufficient order may be reformed by the appellate court to reflect the
sentence actually imposed.  Id.

In the
present case, the trial court’s cumulation order includes the correct name of
the court where the prior conviction was taken and the date of the prior
conviction.  The trial court number, term of years, and nature of the prior
conviction are of the current conviction.  Hence each cumulation order
references itself rather than the prior conviction.  In two cases the nature of
the prior conviction is correct in the cumulation order and in one case, the
term of years of the prior conviction is correct.  We agree the trial court's cumulation orders contain less
information than the Court of Criminal Appeals has indicated such orders should
contain, and therefore sustain appellant’s issue.  

We do not agree, however,
that the orders are void.  Appellant acknowledges that when a cumulation order
is not sufficiently clear, an appellate court may reform the order and affirm
it as modified if the record contains all necessary information.  See Banks
v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).  See also Strahan
v. State, 306 S.W.3d 342, 351-54 (Tex. App. – Fort Worth 2010, pet. ref’d).

The record reflects the
trial court granted the State’s motion to stack the sentences and then
pronounced sentence in each case, stating the cause number, the offense, and
the term of years for each case.

In Cause No. 125789 – 7869, the
jury has found you guilty of the offense of aggravated sexual assault and
assessed your punishment at 15 years’ confinement in the Texas Department of
Corrections.

In Cause No. 1197985, the jury has
found you guilty of the offense of aggravated sexual assault and assessed your
punishment at 10 years’ confinement in the Texas Department of Corrections.

And in Cause No. 1257871, the jury
has found you guilty of the offense of indecency with a child and assessed your
punishment at five years’ confinement in the Texas Department of Corrections.

Also Cause No. 1257870, the jury
has found you guilty of the offense of indecency with a child and also assessed
your punishment at five years’ confinement in the Texas Department of Corrections.

Subsequently, the trial
court stated “you shall be confined for a period of 15, 10, 5 and 5
respectively. . .”  Accordingly, the record before us contains sufficient
information to allow us to provide the Texas Department of Corrections with the
pertinent information regarding appellant’s sentences.[1] 

We
therefore reform the cumulation order
portion of the judgment entered in Cause No. 1197985 so that appellant’s
sentence of confinement for ten years in the Institutional Division of the
Texas Department of Criminal Justice, by virtue of his conviction for aggravated
sexual assault of a child in Cause No. 1197985, shall begin when the judgment
and sentence of confinement for fifteen years in Cause No. 1257869 for aggravated
sexual assault of a child, also entered by the 209th District Court of Harris
County, Texas, shall have ceased to operate.  The trial court imposed sentence
in each of these Cause Nos., 1257869 and 1197985, on May 28, 2010.

We reform the cumulation order portion of the
judgment entered in Cause No. 1257871 so that appellant’s sentence of
confinement for five years in the Institutional Division of the Texas
Department of Criminal Justice, by virtue of his conviction for indecency with
a child in Cause No. 1257871, shall begin when the judgment and sentence of
confinement for ten years in Cause No. 1197985 for aggravated sexual assault of
a child, also entered by the 209th District Court of Harris County, Texas,
shall have ceased to operate.  The trial court imposed sentence in each of
these Cause Nos., 1257871 and 1197985, on May 28, 2010.

We reform the cumulation
order portion of the judgment entered in Cause No. 1257870 so that appellant’s
sentence of confinement for five years in the Institutional Division of the
Texas Department of Criminal Justice, by virtue of his conviction for indecency
with a child in Cause No. 1257870, shall begin when the judgment and sentence
of confinement for five years in Cause No. 1257871 for indecency with a child,
also entered by the 209th District Court of Harris County, Texas, shall have
ceased to operate. The trial court imposed sentence in each of these Cause
Nos., 1257870 and 1257871, on May 28, 2010.

As reformed, the
judgment is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Under the Rules of
Appellate Procedure, Texas courts of appeals have the authority to modify trial-court
judgments and affirm them as modified. See Tex. R. App. P. 43.2(b). 
Additionally, the Court of Criminal Appeals previously held that Rule 43’s
predecessor, article 44.24(b) of the Code of Criminal Procedure,[1] allowed courts to reform cumulation orders if the courts have the
necessary data and evidence before them. Banks, 708
S.W.2d at 462.