**MODIFY, REFORM, and AFFIRM; and Opinion Filed December 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01625-CR

**PETER JOHN ELLINGTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82711-09**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Fillmore
Opinion by Justice Fillmore

Appellant Peter John Ellington waived a jury trial and entered an open guilty plea to charges of aggravated sexual assault of a child and indecency with a child. The trial court found appellant guilty of the offenses and assessed punishment of fifty-four years' confinement for aggravated sexual assault of a child and twenty years' confinement for indecency with a child, those sentences to run consecutively. In two issues, Ellington contends (1) the trial court abused its discretion by imposing sentences of fifty-four years for aggravated sexual assault of a child and twenty years for indecency with a child because both charges were based on the same "factual incident/criminal episode," and (2) the sentences totaling seventy-four years' confinement violate the Eighth Amendment to the United States Constitution as they constitute cruel and unusual punishment. We modify the judgment adjudicating guilt for aggravated sexual

assault of a child to indicate the correct statute for the offense, and, as modified, we affirm that judgment. We affirm the judgment adjudicating guilt for indecency with a child. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

**Punishments Assessed**

Ellington pleaded guilty to aggravated sexual assault of a child—intentionally and knowingly causing the penetration of the female sexual organ of L.G., a child younger than 14 years of age and not Ellington's spouse, by means of Ellington's finger—for which the trial court assessed punishment of fifty-four years' confinement, and to indecency with a child—intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, engaging in sexual contact by touching part of the genitals of L.G., a child younger than seventeen years of age and not Ellington's spouse, by means of Ellington's hand—for which the trial court assessed punishment of twenty years' confinement, those sentences to run consecutively.

In his first issue, Ellington asserts the trial court abused its discretion in sentencing him to a combined total of seventy-four years' confinement because the charges on which he was convicted arose out of the same criminal episode and were prosecuted in a single criminal action. In his second issue, Ellington contends the fifty-four-year sentence for the aggravated sexual assault of a child conviction and the twenty-year sentence for the indecency with a child conviction, totaling seventy-four years, constitute cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. Ellington asserts the "sentence" imposed was grossly disproportionate to Ellington's "crime."

The State responds Ellington did not preserve his complaints for appellate review, and, alternatively, the trial court did not abuse its discretion in assessing the sentences.

*Error Preservation*

To preserve error for appellate review, the record generally must show the appellant made his complaint known to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). To preserve a complaint that the sentences were disproportionate to the crimes committed, Ellington must have specifically objected on that basis at the time the sentences were pronounced or in a post-trial motion. *Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *see also Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App. —Dallas 2003, no pet.) (constitutional rights, including the right to be free from cruel and unusual punishment, may be waived).

Ellington did not complain the sentences were excessive or grossly disproportionate to the crimes, either at the time they were imposed or in his motion for new trial. Accordingly, Ellington has not preserved this complaint for appellate review. *See Bell*, 326 S.W. 3d at 724; *Castaneda*, 135 S.W.3d at 723.

*Abuse of Discretion*

While Ellington argues in his appellate brief that "where charges arise from the same criminal episode . . . the Texas Code of Criminal Procedure typically prevents the sentences from running consecutively," he acknowledges that "sentences may run consecutively where a defendant is found/pleads guilty to certain crimes committed against a child younger than 17-years of age."

Ellington pleaded guilty to offenses for which the trial court may cumulate sentences. *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2013). Penal code section 3.03 provides:

> (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.
>
> (b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:
>
> * * *
>
> (2) an offense:
>
> (A) under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or
>
> (B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violation of more than one section.

TEX. PENAL CODE ANN. § 3.03. *See also* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B) (aggravated sexual assault) (West Supp. 2013), 21.11(a) (West 2011) (indecency with a child). The decision to impose concurrent or cumulative sentences was within the discretion of the trial court, and "so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences." *Nicholas v. State*, 56 S.W.3d 760, 764, 765 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd) (abuse of discretion generally will be found only if trial court imposes consecutive sentences where the law requires concurrent sentences, imposes concurrent sentences but the law requires consecutive ones, or otherwise fails to observe statutory requirements pertaining to sentencing); *see also Hurley v. State*, 130 S.W.3d 501, 504

(Tex. App.—Dallas 2004, no pet.) ("If the convictions arise out of the 'same criminal episode' and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses, including sex crimes against children, and the trial court exercises its discretion to cumulate or stack the sentences.").  Accordingly, the trial court did not abuse its discretion in ordering Ellington's sentences to run consecutively.

The trial court imposed punishment within the statutory range for each of the offenses to which Ellington pleaded guilty. *See* TEX. PENAL CODE ANN. §§ 12.32 (West 2011) (individual adjudged guilty of first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years); 12.33 (West 2011) (individual adjudged guilty of second degree felony shall be punished by imprisonment for not more than twenty years or less than two years).  As a general rule, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual.  *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (general rule is that as long as sentence is within proper range of punishment, it will not be disturbed on appeal). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."  *Kim v. State*, 283 S.W.3d 473, 475–476 (Tex. App.—Fort Worth 2009, pet. ref'd) (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).  The punishment assessed by the trial court was not excessive, grossly disproportionate to his crimes, or unconstitutionally cruel or unusual.

### *Conclusion*

We resolve Ellington's first and second issues against him.

## Modification of Judgment

The trial court signed a judgment relating to Count I of the indictment—aggravated sexual assault of a child—and a judgment relating to Count II of the indictment—indecency with a child. We note the judgment adjudicating guilt for aggravated sexual assault of a child lists the statute for this offense as section 22.02(a)(1)(B) of the Texas Penal Code, pertaining to aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). The correct statute for the offense of aggravated sexual assault of a child is section 22.021 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013). We may modify a trial court's written judgment to correct a clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we hereby modify the judgment adjudicating guilt for aggravated sexual assault of a child to indicate the correct statute for the offense is Section 22.021(a)(1)(B). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B).

## Conclusion

We modify the judgment adjudicating guilt for aggravated sexual assault of a child to indicate the correct statute for the offense, and, as modified, we affirm the judgment. We affirm the judgment adjudicating guilt for indecency with a child.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121625F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETER JOHN ELLINGTON, Appellant

No. 05-12-01625-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas.
Trial Court Cause No. 416-82711-09.
Opinion delivered by Justice Fillmore, Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt for aggravated sexual assault of a child is **MODIFIED** as follows:

The statute for the offense of aggravated sexual assault of a child is modified to reference Texas Penal Code section 22.021(a)(1)(B).

As **REFORMED**, the judgment adjudicating guilt for aggravated sexual assault of a child is **AFFIRMED**.

The judgment adjudicating guilt for indecency with a child is **AFFIRMED.**

Judgment entered this 5th day of December, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

–7–