

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00162-CR

_____

NELSON PRIVETTE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1725820

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

## O P I N I O N

Nelson Privette appeals from an order of deferred adjudication entered after he had completed the sentence imposed in a companion case that arose out of the same criminal episode. On appeal, Privette contends that the trial court erred by cumulating the community supervision with the sentence from the companion offense, in violation of Section 3.03(a) of the Texas Penal Code, which requires sentences to run concurrently if certain requirements are met. Because these requirements were not met, concurrent sentences were not required. Accordingly, we affirm the trial court's order.

## I.       Background

As a result of an automobile accident, Privette was charged in separate indictments with two counts of aggravated assault with a deadly weapon. In a consolidated proceeding, Privette entered an open plea of guilty to both charged offenses, and his judicial confessions were entered into evidence. After a consolidated punishment hearing, the trial court found Privette guilty of the first offense and sentenced him to two years' imprisonment.[1] At the same time, the trial court reset consideration of the second offense for twenty-one months out. After Privette had completed his imprisonment for the first offense, the trial court deferred adjudication of Privette's guilt on the second offense and placed him on ten years' community supervision. Privette appeals the order of deferred adjudication.

---

[1]The appeal of that conviction was dismissed. *Privette v. State*, No. 06-17-00198-CR, 2018 WL 736352, at *1 (Tex. App.—Texarkana Feb. 6, 2018, no pet.) (mem. op., not designated for publication).

2

## II.     No Abuse of Discretion

In his sole issue on appeal, Privette contends that by recessing the second offense until after he had completed his sentence for the first offense, then deferring adjudication of his guilt for the second offense and placing him on community supervision, the trial court impermissibly cumulated the sentences for the first and second offense in violation of Section 3.03 of the Texas Penal Code.  The State argues that Section 3.03 does not apply to this case.

We review a trial court's order that allegedly cumulates sentences for an abuse of discretion.  *Hurley v. State*, 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.).  Section 3.03(a) provides:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced.  Except as provided by Subsection (b),[2] the sentences shall run concurrently.

TEX. PENAL CODE. ANN. § 3.03(a) (Supp.).  When Section 3.03(a) applies, it limits the trial court's general statutory authority to impose consecutive, or cumulative, sentences.  *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344 (Tex. Crim. App. 2017) (orig. proceeding); *see* TEX. CODE CRIM. PROC. ANN. art. 42.08.  To determine whether the trial court abused its discretion, we must determine first whether Section 3.03(a) applies to the order of deferred adjudication.

For it to apply, Section 3.03(a) requires that (1) an accused be found guilty of more than one offense, (2) the offenses arose out of the same criminal episode, and (3) the offenses were

---

[2]Section 3.03(b) lists offenses for which sentences may run consecutively, none of which are involved here.

prosecuted in a single criminal action. "[A] defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several." *LaPorte*, 840 S.W.2d at 415. As relevant here, under Section 3.03(a), a criminal episode is defined as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person . . . [and] the offenses are committed pursuant to the same transaction." TEX. PENAL CODE. ANN. § 3.01(1). Here, it is undisputed that Privette was prosecuted in a single criminal action for more than one offense arising out of the same criminal episode.

It is also undisputed that Privette was found guilty of one offense that arose out of that criminal episode. Even so, although he pled guilty to a second offense arising out of that criminal episode, the trial court deferred the adjudication of his guilt. As explained by the Texas Court of Criminal Appeals, "Under the deferred adjudication scheme, a judge does not make a 'finding of guilt'; instead the judge makes a finding that the evidence 'substantiates the defendant's guilt' and then defers the adjudication." *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002) (quoting predecessor statute to TEX. CODE CRIM. PROC. ANN. art. 42A.101(a)). This "no 'finding or verdict of guilt'" is "one of the signal benefits of deferred adjudication." *Id.*

Since the trial court deferred the adjudication of Privette's guilt here, it made no finding of guilt on the second offense. As a result, Privette has not been found guilty of more than one offense

4

arising out of the same criminal episode. For that reason, we find that Section 3.03(a) does not apply to the order of deferred adjudication.[3]

We also note that, in his brief, Privette refers to the order of deferred adjudication as a sentence in arguing that Section 3.03(a) requires that the sentences run concurrently. Yet, a "sentence" is defined as "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." TEX. CODE CRIM. PROC. ANN. art. 42.02. For there to be a sentence, there must be a conviction. *Donovan*, 68 S.W.3d at 636 (without a conviction there is "no sentence to impose or suspend"). When a defendant receives deferred adjudication, "there is no conviction, and therefore, no sentence." *Id.* And deferred adjudication community supervision is not a sentence. *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008) ("Having been placed on deferred adjudication community supervision, [defendant]'s punishment has not been assessed and [defendant] has not been sentenced as defined in Article 42.02.").

---

[3]As Privette acknowledges in his brief, the facts here are somewhat unique. Two of the cases cited by Privette in support of his argument involve convictions in which the defendant was found guilty in more than one offense arising from the same criminal episode, so Section 3.03(a) applied. *See Ross v. State*, Nos. 05-14-00014-CR & 05-14-00015-CR, 2014 WL 7399314 (Tex. App.—Dallas Dec. 17, 2014, pet. ref'd) (mem. op., not designated for publication); *Taylor v. State*, No. 06-10-00147-CR, 2010 WL 4961799 (Tex. App.—Texarkana Dec. 7, 2010, no pet.) (mem. op., not designated for publication).

In *Hurley v. State*, there were two offenses arising out of the same criminal episode, and Hurley received a finding of guilt and prison sentence for one offense and deferred adjudication for the other. *Hurley v. State*, 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.). The offenses were among the offenses for which Section 3.03(b) authorized sentences to be consecutive for convictions on more than one offense, and the issue was whether a deferred adjudication was a conviction so that the deferred adjudication community supervision could be "stacked" onto the prison sentence. *Id*. at 505–06. The Dallas Court of Appeals held that deferred adjudication was not a conviction, and even though it acknowledged that a deferred adjudication order does not impose a sentence, it still treated the order as a sentence and held that the trial court was not authorized to order the community supervision to commence after the prison term was completed. *Id*. at 506–07; *cf. Ex parte Garza*, 192 S.W.3d 658, 661–62 (Tex. App.—Corpus Christi 2006, orig. proceeding). Since *Hurley* addresses Section 3.03(b), it is distinguishable from this case.

As a result, since there was no sentence imposed by the order of deferred adjudication, we find that Section 3.03(a)'s requirement that "the sentences shall run concurrently" does not apply to that order.[4]

Since Section 3.03(a) does not apply to the order of deferred adjudication, we find that the trial court did not abuse its discretion. We overrule Privette's sole issue.

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     November 14, 2019
Date Decided:     November 26, 2019

Publish

---

[4]By our holding, we do not decide whether Section 3.03(a) would apply if Privette is later adjudicated guilty. *See Drain v. State*, 540 S.W.3d 637 (Tex. App.—Amarillo 2018, no pet.); *Martin v. State*, 143 S.W.3d 412 (Tex. App.—Austin 2004, no pet.).