

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00181-CR

_____

BONIE ELIZABETH KOPPLIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1771337

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Bonie Elizabeth Kopplin pled guilty to indecency with a child by sexual contact (Count One), online solicitation of a minor (Count Two), possession of child pornography (Count Three), and tampering with evidence (Count Four). Following a bench trial on punishment, the trial court sentenced her to concurrent terms of seven years' confinement for Counts Two, Three, and Four; and it deferred finding her guilty and placed her on deferred-adjudication probation for a period of ten years for Count One. Notably, the trial court's judgments and deferred-adjudication order state that Kopplin's probation on Count One is "to be served consecutively with Counts Two, Three, and Four" and will "begin only when [her] sentence[s for] Counts Two, Three, and Four have been completed."

In her sole issue on appeal, Kopplin contends that the trial court erred by ordering the term of deferred-adjudication probation imposed in Count One to run cumulatively to the prison sentences imposed in the remaining counts. The State concedes the error, and we agree. Accordingly, we will modify the trial court's judgments and deferred-adjudication order (1) to delete the portions requiring Kopplin's deferred-adjudication probation to begin after the completion of the prison sentences imposed in Counts Two, Three, and Four and (2) to reflect that Kopplin's deferred-adjudication probation for Count One is to run concurrently with her prison

sentences for the remaining counts. We affirm the trial court's judgments and deferred-adjudication order as modified.

## II. DISCUSSION

We review a trial court's decision to cumulate sentences for an abuse of discretion. *Isadore v. State*, No. 02-21-00198-CR, 2023 WL 3878448, at *7 (Tex. App.—Fort Worth June 8, 2023, pet. ref'd) (mem. op., not designated for publication); *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). A trial court abuses its discretion if it imposes cumulative sentences where the law requires concurrent sentences. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). A claim for improper cumulation may be raised for the first time on appeal, and an improper cumulation order may be modified on appeal. *Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017).

Cumulative sentencing is permitted only as provided by statute. *Hamilton v. State*, No. 05-20-01119-CR, 2022 WL 2680611, at *1 (Tex. App.—Dallas July 12, 2022, no pet.) (mem. op., not designated for publication); *Bargas v. State*, 252 S.W.3d 876, 902 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Pursuant to Article 42.08(a) of the Texas Code of Criminal Procedure, when a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction to either (1) begin to run after the judgment and sentence imposed in the preceding conviction ceased to operate, or (2) run concurrently with the judgment and sentence imposed in the preceding

conviction. Tex. Code Crim. Proc. art. 42.08(a). Pursuant to Section 3.03 of the Texas Penal Code, if the convictions arise out of the "same criminal episode" and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses and the trial court exercises its discretion to cumulate the sentences. *See* Tex. Penal Code § 3.03(a), (b).

Significantly, an order of deferred-adjudication probation may not be cumulated onto sentences for a conviction. *Obi v. State*, No. 02-23-00037-CR, 2023 WL 8820265, at *2 (Tex. App.—Fort Worth Dec. 21, 2023, no pet.) (mem. op., not designated for publication); *Hamilton*, 2022 WL 2680611, at *2 (citing *Hurley v. State*, 130 S.W.3d 501, 507 (Tex. App.—Dallas 2004, no pet.)). This is because an order of deferred-adjudication probation does not include an adjudication of guilt and is thus not a "conviction" for purposes of Article 42.08(a) and Section 3.03. *See Beedy v. State*, 194 S.W.3d 595, 602 (Tex. App.—Houston [1st Dist.] 2006) ("We conclude that appellant's deferred-adjudication community supervision was not a conviction for purposes of [A]rticle 42.08 and [S]ection 3.03(c)."), *aff'd*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008); *Hurley*, 130 S.W.3d at 507 ("[W]e conclude [appellant's] deferred adjudication was not a conviction or finding of guilt for purposes of [A]rticle 42.08 and [S]ection 3.03(b)."). Because the trial court's judgments and deferred-adjudication order provided that Kopplin's deferred-adjudication probation would run consecutively to her prison sentences, we hold that the trial court abused its discretion, and we sustain Kopplin's sole issue. *See Obi*, 2023 WL 8820265, at *2

4

(holding that trial court had abused its discretion because its "judgments and orders of deferred adjudication required . . . [appellant's] deferred[-]adjudication community supervision [to] run consecutively to his prison sentences"); *Hurley*, 130 S.W.3d at 507 ("[T]he trial court abused its discretion in ordering the deferred adjudication to begin after [appellant] served his sentence.").

### III. CONCLUSION

Having sustained Kopplin's sole issue, we now turn to the proper remedy. "The appropriate remedy for an unauthorized order cumulating sentences is to reform the judgment and [to] delete the cumulation order." *Hamilton*, 2022 WL 2680611, at *2; *see Beedy*, 194 S.W.3d at 603. Accordingly, we modify the trial court's judgments and deferred-adjudication order (1) to delete the portions requiring Kopplin's deferred-adjudication probation to begin after the completion of the prison sentences imposed in Counts Two, Three, and Four and (2) to reflect that Kopplin's deferred-adjudication probation is to run concurrently with the prison sentences imposed in Counts Two, Three, and Four. We affirm the trial court's judgments and deferred-adjudication order as modified. *See Obi*, 2023 WL 8820265, at *2; *see also Hurley*, 130 S.W.3d at 507 ("We modify the trial court's order deferring adjudication of guilt to delete that portion requiring [appellant's] deferred[-]adjudication community supervision to begin after [appellant's] sentence for indecency with a child ceases to operate."); *cf. Beedy*, 194 S.W.3d at 603 ("Although at first blush, it seems unlikely that a trial court would assess deferred-adjudication community supervision that could be

served concurrently with prison time, it is possible that a trial court could . . . assess deferred-adjudication community supervision with the possibility that it could be adjudicated and stacked at the slightest violation while the defendant is in prison in order to assure good behavior in prison.").

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 28, 2026