### Ex Parte Danny GARZA.

### No. 13–05–019–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 13, 2006.

Rehearing Overruled June 15, 2006.

659

Richard Wetzel, Attorney At Law, Austin, for Appellant.

Michael A. Sheppard, District Attorney, Robert C. Lassmann, Asst. District Attorney, Cuero, for The State.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Danny Garza, appeals from the denial of his application for habeas corpus relief by the 24th District Court of DeWitt County. Garza argues that the habeas court erred in denying relief (1) because his sentences were improperly cumulated, and (2) because his plea bargains were not made voluntarily due to ineffective assistance of counsel. We affirm.

## Background

This case involves two sentences for two separate criminal offenses. For the first offense, cause no. 98–9–9126, Garza pled guilty to felony driving while intoxicated ("DWI"), three or more offenses, and was sentenced to ten years' imprisonment, suspended and probated to ten years' community supervision. For the second offense, cause no. 02–05–9646, which occurred years later while Garza was still on community supervision, Garza pled guilty to attempted indecency with a child. During the plea hearing on the attempted indecency charge, Garza also entered a plea of "true" to the State's motion to revoke probation in the felony DWI case.

The plea bargain reached by Garza and the State for the attempted indecency charge called upon the trial court to defer adjudication of guilt and to place Garza on ten years' community supervision and impose a fine. In the motion to revoke probation for the felony DWI charge, Garza also reached a plea bargain in which he was sentenced to five years' imprisonment. The trial court ordered that the plea bargain from the attempted indecency (ten years' community supervision) be deferred and take effect after Garza was released from prison following the five year sentence resulting from the plea bargain relating to the revocation of probation for the felony DWI. No appeal of either plea bargain was brought.

Garza then began his five year sentence for the felony DWI. He was later paroled and released from prison on May 19, 2004, at which point the trial court entered an order that he begin to serve the ten years' community supervision on the attempted indecency with a child charge. Garza filed an application for writ of habeas corpus with the trial court, alleging that his sentences of five years' imprisonment and ten years' community supervision should have run concurrently and should not have been "stacked." He also argued that he would not have accepted plea bargains that called for consecutive sentences had it not been for the ineffectiveness of his trial counsel. The trial court denied his habeas application, which is now the subject of this appeal.

## Standard of Review

■ The burden of proof in a habeas corpus hearing is on the applicant. *Ex parte Kubas*, 83 S.W.3d 366, 368 (Tex. App.-Corpus Christi 2002, pet. ref'd). In reviewing the trial court's decision to grant or deny habeas corpus relief, the appellate court must view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim.App.2003) (per curiam); *Ex parte Countryman*, 180 S.W.3d 418, 418 (Tex. App.-Dallas 2005, no pet.). This Court will uphold the ruling absent an abuse of discretion. *Peterson*, 117 S.W.3d at 819. We afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially

when the fact findings are based on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

### Cumulation of Sentences

The legislature has given trial courts the discretion to cumulate sentences for two or more separate convictions, with or without a motion from the State, or to have such sentences run concurrently. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2005) ("In the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases."); *Medina v. State,* 7 S.W.3d 876, 880 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

■ The State argues that Garza waived this complaint because he failed to raise it on direct appeal. The State relies on *Ex Parte Townsend,* a case in which an appellant raised, via a writ of habeas corpus, a complaint regarding the stacking of two sentences for two separate convictions. *Ex Parte Townsend,* 137 S.W.3d 79, 81–82 (Tex.Crim.App.2004). The *Townsend* court determined that "when a defendant has an adequate remedy at law, the merits of his claim may not be reviewed on an application for a writ of habeas corpus. To the extent that [*Ex parte Barley,* 842 S.W.2d 694, 695 (Tex.Crim.App.1992),] holds that an improper stacking order claim may be brought for the first time in an application for a writ of habeas corpus, it is overruled." *Id.*

■ Because Garza's plea bargain included the requirement that he waive his right to appeal, there was no opportunity for him to seek the proper remedy through an appeal. The State cannot demand as a condition of the plea bargain a waiver of the right to appeal, and then deny Garza his ability to contest a subsequently-imposed but potentially illegal sentence due to that waiver. *See LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App.1992) ("An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time."). We therefore address the merits of Garza's argument that the stacking of his sentence was improper.

■ Garza relies on *Hurley v. State,* 130 S.W.3d 501, 506 (Tex.App.-Dallas 2004, no pet.), for the proposition that a trial court has no authority to stack a deferred adjudication order onto a separate sentence of imprisonment. In *Hurley,* the court held that under article 42.08(a) of the code of criminal procedure, a trial court can only stack sentences after there has been a "conviction" in each case. *See Hurley,* 130 S.W.3d at 506. In the context of deferred adjudication, however, there is no "conviction" because there is no adjudication and assessment of punishment. *See id.* Thus, a conviction-less deferred adjudication cannot be stacked onto a previously imposed sentence of imprisonment. *Id.* Garza argues that the trial court was without statutory authority to stack the sentences because the court had (1) the conviction from the first (felony DWI) case, and (2) a deferred adjudication without a conviction from the second (attempted indecency with a child) case.

■ However, the conclusion reached in *Hurley* does not apply here. It is well established that a defendant placed on deferred adjudication, in addition to not yet

being *convicted,* also has not yet had a *sentence* imposed. *See Davis v. State,* 968 S.W.2d 368, 371 (Tex.Crim.App.1998); *see also Donovan v. State,* 68 S.W.3d 633, 636 (Tex.Crim.App.2002). Article 42.08 explicitly requires a second "sentence" that begins when the preceding sentence "ceases to operate" for there to be stacking of sentences. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2005). A trial court cannot be in violation of a sentence-stacking statute if there is only one sentence involved. *See id.* In this case, there was neither a conviction nor a sentence imposed by the court for the second case at the time Garza was given deferred adjudication. The conviction and sentencing in the second case were imposed after Garza was released from imprisonment for the first case, thus giving the trial court the authority at that point to order the commencement of Garza's sentence of community supervision.

Because we conclude that this is not a case of illegal sentence stacking, we overrule Garza's first issue.

### Ineffective Assistance

By his second issue, Garza argues that his plea bargain was not voluntary due to the ineffective assistance he received from counsel. Garza specifically claims that his trial counsel erroneously advised him that (1) he could receive a twenty-five year sentence in the event he went to trial, and (2) he would only have to register as a sex offender during the period that he was on community supervision.

In the context of habeas corpus proceedings, when a defendant challenges the voluntariness of a plea, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Ex Parte Moody,* 991 S.W.2d 856, 857–58 (Tex.Crim.App.1999); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant has the burden to show that counsel's performance fell below a reasonable standard of competence and that there is a reasonable probability that the appellant would have pleaded not guilty and insisted on going to trial had he been properly advised on the conditions of his sentence. *Moody,* 991 S.W.2d at 858.

■ Garza first complains that counsel advised him that he could face up to twenty-five years' imprisonment if he went to trial on the indicted offenses. He complains this advice was erroneous because the maximum sentence possible for the most serious offense alleged in the indictment, i.e., attempted aggravated sexual assault to a child, was only twenty years. *See* TEX. PEN.CODE ANN. §§ 15.01(a), 22.021 (Vernon 2003 & Supp.2005). However, we note that this proceeding involved the sentencing for two separate offenses, and therefore the trial court could have properly convicted and sentenced Garza at the proceeding on both offenses, and then stacked the sentences for both crimes. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(a). Thus, Garza could have faced ten years' maximum imprisonment for the felony DWI, *see* TEX. PEN.CODE ANN. §§ 49.04, 49.09(b) (Vernon 2003), and twenty years' maximum imprisonment for the aggravated sexual assault to a child, resulting in a total of thirty years. Garza testified that when he was told he could potentially receive up to twenty-five years' imprisonment, he decided to enter the plea bargain. Therefore, had he known that he in fact faced an even longer potential maximum sentence by going to trial, it is likely that

his decision would not have changed. *See Tabora v. State*, 14 S.W.3d 332, 337 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (concluding that despite "some evidence that appellant may have been misled," court did not believe "this is sufficient evidence for us to determine with a reasonable probability that but for counsel's errors, appellant would not have pleaded no contest, but would have insisted on going to trial."); *see also Pena v. State*, 132 S.W.3d 663, 669 (Tex.App.-Corpus Christi 2004, no pet.).

■ Garza also testified that he was erroneously advised regarding the registration requirements for sex offenders, and that, had he known how long he might be required to register, he would not have pled guilty and would have gone to trial. The Texas Court of Criminal Appeals has addressed this issue directly, expressly holding that "although the sex-offender registration requirement is a direct consequence of appellant's plea, it is a nonpunitive measure, and failure to admonish does not necessarily render a plea involuntary." *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex.Crim.App.2004). Furthermore, we note that Garza testified at the habeas proceeding that he was told about the registration requirements by counsel and that he had represented to the trial court that he understood everything involved in his plea agreement. Garza's trial counsel filed an affidavit with the habeas court which stated, "I never informed Danny Garza that his sex offender registration requirement would run only during the time of his community supervision, but rather that he would have to register as a sex offender." Garza has failed to establish that counsel's assistance was ineffective and led to an involuntary plea. Garza's second issue is overruled.

### Conclusion

We affirm the judgment of the trial court denying Garza's writ of habeas corpus.