NUMBER 13-09-00506-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


THE STATE OF TEXAS, Appellant,


v.


CRISTELA GARCIA, Appellee.

 




On appeal from the 449th District Court of 


Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 The trial court granted appellee Cristela Garcia's application for writ of habeas
corpus. (1) By two issues, the State contends that the trial court abused its discretion in
granting the writ because appellee: (1) failed to meet her burden to prove that her guilty
plea was not made knowingly and voluntarily; and (2) is barred by the doctrine of laches
from obtaining habeas corpus relief. We reverse the trial court's judgment and deny
habeas corpus relief. 

I. Background 


 On May 8, 1986, appellee pleaded guilty to theft of property valued more than $750
but less than $20,000, a third-degree felony. (2) The trial court sentenced appellee to five
years' imprisonment, suspended the sentence, and placed her on community supervision
for five years. (3) Twenty-three years later, on May 20, 2009, appellee filed a petition for writ
of habeas corpus alleging that her plea was not made voluntarily and intelligently because,
among other reasons, she: (1) claims she was not admonished by the trial court as to the
range of punishment or consequences of her plea; (2) believed she was being processed
as a juvenile; and (3) was "too mentally immature, frightened, and confused to understand
what was going on." (4) 

 On July 15, 2009, the trial court held an evidentiary hearing, at which appellee
testified. (5) At the hearing, appellee testified that she recently discovered that she has a
felony conviction when her application for a permit to carry a concealed weapon was
rejected. Appellee testified that when she pleaded guilty to theft, she believed she was a
juvenile, "did not know the consequences," and "was told just to sign and that [she would]
get probation." She stated that her attorney did not advise her of the punishment range
for the offense. On cross-examination, appellee stated she did not remember being
charged with possession of marihuana or being placed on deferred-adjudication probation
for the offense. She testified that she recalls reporting to a probation officer, but "was
under the impression [she] was a juvenile." (6) She also admitted that she does not know
what "admonishments" are. Appellee testified that she has served on at least two juries. 
Appellee's counsel argued that there is no record that appellee received admonishments,
including the range-of-punishment admonishment, "which is required under 26[.]13." (7)

 The State argued that appellee's claim is barred by the doctrine of laches. The
State noted that the presiding judge in the underlying case, the late Honorable Raul
Longoria, is deceased and the reporter's record no longer exists. The State also argued
that there is a presumption of regularity with respect to guilty pleas and that appellee's
testimony alone is insufficient to overcome the presumption. (8) The State also noted that
article 26.13(d) of the code of criminal procedure, which requires a statement signed by the
defendant if the court makes admonitions in writing, is not applicable because it was not
in effect at the time of appellee's plea. (9) 

 Appellee and the State both submitted exhibits at the hearing. The State submitted:
(1) the April 1985 order granting appellee deferred adjudication adult probation on the
possession of marihuana charge, showing that she was processed as an adult in a prior
criminal proceeding; (2) a document in the marihuana matter, signed by appellee,
establishing that the "Adult Probation Department" informed her of a modification to the
terms of her probation; and (3) a "Waiver of Arraignment" signed by appellee in the
marihuana case. Appellee submitted: (1) the May 8, 1986 judgment in the theft offense,
which recites that appellee pleaded guilty and "was admonished by the Court of the
consequences of said plea, including the range of punishment"; (2) a waiver of jury trial and
application for probation signed by appellee in the theft offense; and (3) a "Stipulation of
Evidence" and judicial confession signed by appellee in the theft offense. 

 On August 27, 2009, the trial court issued findings of fact and conclusions of law
and granted appellee's petition for writ of habeas corpus. The State appealed. (10) 

II. Standard of Review and Applicable Law 


 An applicant seeking habeas corpus bears the burden to prove his entitlement to
the relief he seeks by a preponderance of the evidence. (11) We review the evidence
presented in the light most favorable to the trial court's ruling for an abuse of discretion. (12) 
In conducting our review, we afford almost total deference to the trial court's determination
of the historical facts the record supports, especially when the fact findings require an
evaluation of credibility and demeanor. (13) The trial court's determinations of historical fact
are entitled to some deference even when the court's findings do not rest on credibility
determinations, but are based instead on physical or documentary evidence or inferences
from other facts. (14) However, if the trial court's findings of fact are not supported by the
record, then we may reject its findings. (15) We afford almost total deference to the trial
court's application of the law to the facts if the resolution of the ultimate question turns on
an evaluation of credibility and demeanor. (16) If the resolution of the ultimate question turns
on an application of legal standards, we review the determination de novo. (17) We must
affirm a trial court's ruling if it is correct under any theory of law applicable to the case even
if the trial court gives the wrong reason for its ruling. (18) 

 In a habeas case, the applicant bears the burden of proving facts that would entitle
him to relief and ensuring that a sufficient record is presented to show error requiring
reversal. (19) A habeas applicant's sworn allegations alone are insufficient proof of the
applicant's claims. (20) Delay in seeking habeas corpus relief may prejudice the credibility of
the applicant's claim. (21) Under the doctrine of laches, an application for writ of habeas
corpus may be denied if the State proves it has been prejudiced in its ability to respond to
the application by the applicant's delay in filing the application unless the applicant shows
that the delay was based on grounds which he could not have known before the State was
prejudiced. (22) To prevail on a claim of laches, the State must: (1) make a particularized
showing of prejudice; (2) show that the prejudice was caused by the applicant having filed
a late petition; and (3) show that the applicant has not acted with reasonable diligence as
a matter of law. (23) The length of delay alone will not constitute either unreasonableness of
delay or prejudice. (24)

III. Discussion 


 The trial court entered the following findings of fact and conclusions of law:

1. Despite the approximate 23 year period that has elapsed since the
Applicant's plea of guilty in 1986, Applicant sought relief and filed her
Application for Writ herein in a timely fashion and with reasonable
diligence. Applicant was unaware of her felony adult conviction until
she was recently advised of the such [sic] when she applied for a
concealed weapon license, approximately three months prior to the
filing [of] her Application herein. Applicant's lack of knowledge of her
conviction is supported by her unchallenged testimony that she has
served on three Hidalgo County juries since her plea, including
criminal juries wherein defendants were found guilty. The Applicant
had a prior juvenile history and a prior misdemeanor adult conviction
at the time of her plea in 1986, however, the 139th District Court, like
all other Hidalgo County District Courts at the time, handled both
juvenile and adult felony proceedings, and that there is merit to
Applicant's testimony that she believed she was being processed as
a juvenile at the time of her plea. Additionally, although much time
has passed since the plea in 1986, the State provided no evidence to
show that the State is prejudiced by the setting aside of the plea,
judgment and sentence. There is no evidence that the State's case
could not be presented in a new trial. For the aforementioned
reasons, Applicant's claim is not barred by the equitable doctrine of
laches.


2. Applicant's plea of guilty was made involuntarily, unintelligently, and
unknowingly. In addition to believing that she was being processed
as a juvenile, at the time of the plea, Applicant was a high[-]school
student who mechanically followed her attorney'[s] request to sign and
plea as he directed because she was going to be on probation. 
Attributable to her status as a high[-]school student, history with
juvenile probation, immaturity and drug use, Applicant's plea of guilty
was made pursuant to her limited understanding that she would get
probation on a juvenile case. Applicant therefore was unaware that
she was going to have an adult felony conviction, said conviction
being a direct consequence of her plea.


3. The Court has considered the case law submitted by the State in
reference to the presumption of regularity and the Applicant's burden
of proof. However, unlike Wilson, Brown, Reeves, and Young,
Applicant's complaint is not about the regularity of the proceedings as
much as it is about her basic misunderstanding of what kind of
proceeding it was. Ex parte Wilson, 716 S.W.2d 953 (Tex. Crim. App.
1986); Brown v. State, [917] S.W.2d 387 (Tex. App.-Fort Worth 1996,
no pet.); Reeves v. State, 500 S.W.2d 648 (Tex. Crim. App. 1973); Ex
parte Young, 479 S.W.2d 45 (Tex. Crim. App. 1972). Additionally,
unlike Wilson, Brown, Reeves, and Young[,] Applicant has provided
evidence beyond the plea proceedings to support her argument that
her plea was involuntary. Here, the Court particularly finds Applicant's
unchallenged testimony that she has served as a convicting criminal
juror since her plea to be compelling and credible evidence that she
was unaware of her conviction at the time of her plea.


ORDER



 Having considered the pleadings, the record, and arguments of
counsel, the Court HEREBY FINDS that Applicant's plea of guilty was
made involuntarily, unintelligently, and unknowingly. Applicant's
requested relief is proper and should be GRANTED.[ (25)] 


 By its first issue, the State contends that appellee has failed to prove her claims by
a preponderance of the evidence. We agree. The trial court found that appellee's guilty
plea was made "involuntarily, unintelligently, and unknowingly" and that she pleaded guilty 
unaware that she would have an adult felony conviction as a consequence. Here, as in Ex
parte Evans, the only "evidence" in the record regarding appellee's claims is her own sworn
testimony, which is insufficient by itself. (26) Although appellee testified that she was not
admonished by the trial court about the range of punishment or the consequences of her
plea, she also stated that she does not understand what admonishments are. The only
other evidence in the record as to admonishments--presented by appellee--is the May 8,
1986 judgment that recites that she "was admonished by the Court of the consequences
of [her guilty plea], including the range of punishment." Recitations in the judgment and
other portions of the record are binding on an appellant in the absence of direct proof to
the contrary, and the appellant has the burden of overcoming the presumptions raised by
the record in such cases. (27) Although appellee testified that she was not orally admonished
by the trial court as to the range of punishment or consequences of her plea, the record
suggests otherwise; because of the lengthy delay in asserting her claim, the reporter's
record--which would show whether she was orally admonished--is no longer available,
and the trial court judge is deceased. (28) 

 We hold that appellee's sworn allegations are insufficient proof of her claims. (29) 
Because the trial court's findings are not supported by the record, we reject its findings. (30)

IV. Conclusion 
 We sustain the State's first issue, reverse the trial court's judgment, and render
judgment that habeas corpus relief is denied.

 Because of our disposition of the State's first issue, we need not address its second
issue. (31) 



 LINDA REYNA YAÑEZ

 JUSTICE

 

Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

31st day of August, 2010.
1. See Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005).
2. See Act of June 14, 1985, 69th Leg., R.S., ch. 599, § 1, § 31.03(e)(4), 1985 Tex. Gen. Laws 2224,
2225 (current version at Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2009)).
3. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (Vernon Supp. 2009).
4. Appellee was eighteen years old when she pleaded guilty to the theft charge; the record shows she
had pleaded guilty to an earlier charge for possession of marihuana and was placed on deferred adjudication
community supervision as an adult. 
5. The clerk's record shows that appellee's petition for writ of habeas corpus was filed in the 139th
District Court of Hidalgo County. After the presiding judge of that court, the Honorable Roberto "Bobby"
Flores, determined that he may have a conflict, the cause was transferred to the 449th District Court of
Hidalgo County, with the Honorable Jesse Contreras presiding. 
6. The State questioned appellee about documents showing that prior to her possession of marihuana
and theft offenses, for which she was charged as an adult, she was processed as a juvenile for five other
offenses in 1981 and 1982. 
7. See Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2009). That article now provides:


The court may make the admonitions required by this article either orally or in writing. If the
court makes the admonitions in writing, it must receive a statement signed by the defendant
and the defendant's attorney that he understands the admonitions and is aware of the
consequences of the plea. If the defendant is unable or refuses to sign the statement, the
court shall make the admonitions orally.


Id. 
8. See Ex parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986). 
9. The State is correct. Paragraph (d) of article 26.13 of the code of criminal procedure was passed
in June 1987 and became effective on August 1, 1987. See Act of June 17, 1987, 70th Leg., R.S., ch. 443,
§ 1, 1987 Tex. Gen. Laws 2021, 2023 (current version at Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon
Supp. 2009)). 
10. See Tex. Code Crim. Proc. Ann. art. 44.01(k) (Vernon Supp. 2009) (providing State may appeal
an order granting relief to applicant for habeas corpus relief).
11. Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). 
12. Id. 
13. Ex parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). 
14. Manzi v. State, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002).
15. Ex parte Briseno, 135 S.W.3d 1, 13 (Tex. Crim. App. 2004).
16. Ex parte Garza, 192 S.W.3d 658, 660-61 (Tex. App.-Corpus Christi 2006, no pet.) 
17. Id. at 661.
18. See Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).
19. See Ex parte Chandler, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005); Ex parte Kimes, 872
S.W.2d 700, 703 (Tex. Crim. App. 1993). 
20. See Ex parte Evans, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) ("there is nothing in the record
to support any of the trial court's findings" where "[t]he only item in the record regarding these claims are
Applicant's sworn allegations. Even sworn allegations are not alone sufficient proof") (citing Ex parte Empey,
757 S.W.2d 771, 775 (Tex. Crim. App. 1988)). 
21. Kniatt, 206 S.W.3d at 664.
22. See Ex parte Carrio, 992 S.W.2d 486, 487 (Tex. Crim. App. 1999). 
23. See id. at 488. 
24. Id. 
25. Emphasis in original. 
26. See Ex parte Evans, 964 S.W.2d at 648.
27. Brown v. State, 917 S.W.2d 387, 390 (Tex. App.-Fort Worth 1996, no pet.).
28. See Tex. Gov't Code Ann. § 52.046(a)(4) (Vernon 2005) (providing that a court reporter preserve
notes of a proceeding for three years).
29. See Ex parte Evans, 964 S.W.2d at 648; Ex parte Empey, 757 S.W.2d at 771.
30. See Ex parte Briseno, 135 S.W.3d at 13. 
31. See Tex. R. App. P. 47.1. Although we do not address the State's contention that appellee's claims
are barred by the doctrine of laches, we note that this case is remarkably similar to a habeas claim recently
denied by the court of criminal appeals. See Ex parte Nelson, No. WR-36,989-02, 2008 Tex. Crim. App.
Unpub. LEXIS 636, at *4 (Tex. Crim. App. Sept. 10, 2008) (per curiam). In that case, the habeas applicant
claimed his plea of guilty was involuntary because defense counsel and the trial court advised him he would
receive a sentence of not more than ten years if he pleaded guilty. Id. at *1. In denying habeas corpus relief,
the court of criminal appeals noted:


The habeas court's finding that the evidence does not show any particularized prejudice to
the State's ability to respond is a finding of fact that should be followed if it is supported by
the record. Ex parte Brandley, 781 S.W.2d 886 (Tex. Crim. App. 1989). Here, however, this
finding is not supported by the record. The reporter's record and defense counsel's records
are no longer available. Those records would show whether the court's customary practice
was followed in Applicant's case and whether Applicant was correctly informed of the terms
of the plea bargain. In short, the evidence that would be most responsive to Applicant's claim
has been lost as a result of Applicant's delay in bringing the claim.


Id. at *4.