**MODIFY and AFFIRM; and Opinion Filed December 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00014-CR**

**No. 05-14-00015-CR**

**BERNARD KAY ROSS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-24874-P and F12-57536-P**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice Brown

Bernard Kay Ross appeals from an order of deferred adjudication for robbery and a conviction for burglary. At issue is whether a trial court can stack a term of deferred adjudication community supervision onto a prison sentence. This Court has already determined this issue in appellant's favor. We modify the order of deferred adjudication to reflect that the period of community supervision is to run concurrently with the burglary sentence. We further modify the order and also the judgment of conviction to make other revisions the parties agree upon. As modified, we affirm the trial court's order and judgment.

In 2012, appellant was indicted for burglary of a habitation. He pleaded guilty pursuant to a plea bargain agreement and was placed on deferred adjudication community supervision for

six years and fined $2,500. In 2013, appellant was indicted for robbery.[1] Based on this new offense, among other things, the State moved to revoke appellant's community supervision.

On November 1, 2013, appellant pleaded guilty to robbery and true to the allegations in the State's motion to revoke. The court revoked appellant's community supervision, adjudicated appellant guilty of burglary, and assessed punishment for that offense at ten years' confinement. The court also deferred finding appellant guilty of robbery and placed him on deferred adjudication community supervision for ten years. The court orally pronounced that the term of deferred adjudication would begin after appellant served his prison sentence, stating, "So when you get out of prison, you're going back on probation for ten years."

In his first point of error, appellant contends the trial court erred in stacking his term of deferred adjudication community supervision onto his prison sentence. We agree.

We review a trial court's decision to cumulate sentences for an abuse of discretion. *Hurley v. State*, 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.). Cumulative sentencing is permitted only as provided by statute. *Id.* Article 42.08 of the code of criminal procedure provides that when a defendant has been *convicted* in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction either 1) to begin to run after the judgment and sentence imposed in the preceding conviction has ceased to operate, or 2) to run concurrently with the judgment and sentence imposed in the preceding conviction. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2014). In *Hurley*, we held that, because it does not include an adjudication of guilt, a deferred adjudication order is not a conviction for purposes of article 42.08. *Hurley*, 130 S.W.3d at 505; *see Beedy v. State*, 194 S.W.3d 595, 602 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim.

---

[1] Appellant was indicted for aggravated robbery, but the trial court later granted the State's motion to reduce the charge to robbery.

App. 2008).[2]  Under the statute, the trial court does not have discretion to stack two sentences until a defendant has been convicted of two or more offenses and sentences are imposed or suspended in those cases.  *Hurley*, 130 S.W.3d at 506.  Accordingly, we concluded the trial court abused its discretion in ordering the deferred adjudication to begin after the defendant served his prison sentence.  *Id.* at 507.  We reach the same conclusion in this case.

The State urges us to reconsider this issue in light of *Ex parte Garza*, 192 S.W.3d 658 (Tex. App.—Corpus Christi 2006, no pet.).  The court of appeals in that habeas case did not disagree with *Hurley* but instead found the conclusion we reached did not apply.  *Id.* at 661.  It seemed to draw a distinction based on the fact that Garza had already been released from prison and, upon his release, the court had entered a new order that he begin to serve his deferred adjudication community supervision.  *Id.* at 660–62.  It ruled that a trial court cannot be in violation of a sentence stacking statute if there is only one sentence involved.  *Id.* at 662.  We do not find *Garza* persuasive and will follow the precedent of this Court.

Although the trial court orally pronounced that the term of community supervision would begin to run after appellant served his prison term, its order of deferred adjudication is silent on whether the period of community supervision is to run concurrently or consecutively with the prison sentence.  Nevertheless, to be clear, we modify the order to reflect that the period of deferred adjudication community supervision is to run concurrently with the sentence in the burglary case. We sustain appellant's first point of error.

In points two through six, appellant contends we need to make other modifications to the order of deferred adjudication, as well as the judgment in the burglary case, to correct various errors.  Specifically, he contends the order and judgment both erroneously indicate there was a

---

[2] In *Beedy*, the court of criminal appeals addressed only the issue of what the appropriate remedy was for an improper cumulation order — deletion of the improper cumulation order or remand for resentencing.  *Beedy*, 250 S.W.3d at 109.  The court determined the proper remedy was to delete the cumulation order.  *Id.* at 115.

–3–

plea bargain agreement, when his pleas of guilty and true were open pleas. He also contends the documents incorrectly reflect that the State's attorney was Herschel Wood, when the reporter's records show it was Stephanie Mitchell. Finally, appellant contends the judgment of conviction does not reflect the court's oral order that he attend the Substance Abuse Felony Punishment Facility (SAFPF) drug program while in prison.[3] The State agrees these modifications should be made. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (appellate court has power to correct and reform judgment of court below to make record speak truth when it has information to do so). We sustain points of error two through six.

We modify the order of deferred adjudication in cause number F13-24874-P to reflect that: 1) the period of community supervision is to run concurrently with the sentence in cause number F12-57536-P; 2) the attorney for the State was Stephanie Mitchell; and 3) the "Terms of Plea Bargain" are none. We modify the judgment in cause number F12-57536-P to reflect that: 1) the attorney for the State was Stephanie Mitchell; 2) the "Terms of Plea Bargain" are none; and 3) appellant shall attend SAFPF. We order the trial court to enter a new order of deferred adjudication and a new judgment of conviction to reflect these modifications. As modified, we affirm the trial court's order of deferred adjudication and its judgment of conviction.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.

140014F.U05

---

[3] The trial court stated, "And I'm going to place on here that you should enter the SAFPF program while you are in prison, because it would be advisable for you while you are serving your time."

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BERNARD KAY ROSS, Appellant

No. 05-14-00014-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F13-24874-P.

Opinion delivered by Justice Brown. Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

The period of community supervision is to run concurrently with the sentence in cause number F12-57536-P.

The attorney for the State was Stephanie Mitchell.

The "Terms of Plea Bargain" are none.

We **ORDER** the trial court to enter a new order of deferred adjudication to reflect these modifications.  As **MODIFIED**, the order is **AFFIRMED**.

Judgment entered this 17th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BERNARD KAY ROSS, Appellant

No. 05-14-00015-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F12-57536-P.

Opinion delivered by Justice Brown. Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The attorney for the State was Stephanie Mitchell.

The "Terms of Plea Bargain" are none.

The defendant shall attend SAFPF.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of December, 2014.