PD-0062-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/22/2015 9:00:49 AM
Accepted 1/28/2015 9:54:08 AM
ABEL ACOSTA
CLERK

PD No. _____

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

January 28, 2015

ABEL ACOSTA, CLERK

## BERNARD KAY ROSS,
## APPELLANT

### vs.

## THE STATE OF TEXAS,
## APPELLEE

*Seeking discretionary review of an opinion of the Fifth District Court of Appeals*
*In Cause No. 05-14-00014-CR*
*On appeal from the 203rd Judicial District Court of Dallas County, Texas*
*In Cause No. F13-24874-P*

## STATE'S PETITION FOR DISCRETIONARY REVIEW

*Counsel of Record:*

SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

KAREN R. WISE
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 21810200
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., LB-19
DALLAS, TEXAS 75207-4399
(214) 653-3637

*Attorneys for the State of Texas*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................. iii

IDENTITY OF JUDGES, PARTIES, AND COUNSEL ........................................ iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................1

STATEMENT OF THE CASE..............................................................1

STATEMENT OF PROCEDURAL HISTORY....................................................2

QUESTION PRESENTED FOR REVIEW ......................................................2

ARGUMENT ........................................................................2

PRAYER ..........................................................................8

CERTIFICATE OF SERVICE .............................................................9

# INDEX OF AUTHORITIES

**Cases**

*Beedy v. State*,
   194 S.W.3d 595 (Tex. App. – Houston [1st Dist.] 2006), *aff'd on other grounds*,
   *Beedy v. State*,  250 S.W.3d 107 (Tex. Crim. App. 2008) .............................................. 6

*McNew v. State*,
   608 S.W.2d 166 (Tex. Crim. App. 1978) ......................................................... 6

*Ex parte Garza*,
   192 S.W.3d 658 (Tex. App. – Corpus Christi 2006, no pet.) ................................. 6, 7, 8

*Hurley v. State*,
   130 S.W.3d 501 (Tex. App. – Dallas 2004, no pet.) ......................................... 5, 6, 7, 8

*Nicholas v. State*,
   56 S.W.3d 760 (Tex. App. – Houston [14th Dist.] 2001, pet. ref'd) .............................. 5

*Ross v. State*,
   No. 05-14-00014-CR, 2014 Tex. App. LEXIS 13479 (Tex. App. – Dallas Dec. 17,
   2014) (not designated for publication) ..................................................... 2, 3

**Statutes**

Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2013) ............................................ 5

**Rules**

Tex. R. App. P. 66.3(a) .................................................................................... 3

# IDENTITY OF JUDGES, PARTIES AND COUNSEL

1.     Judges:                              Hon. Teresa Hawthorne,
Presiding Judge of the 203rd Judicial District Court of Dallas County

                                                    Hon. Lisa Bronchetti,
Dallas County Magistrate

2.     Petitioner:                       The State of Texas

3.     Counsel for Petitioner:       Karen R. Wise, on appeal
Stephanie Nicole Mitchell, at trial
Kelly Benavides, at trial
Assistant District Attorneys
Dallas County, Texas
133 N. Riverfront Blvd., LB 19
Dallas, Texas  75207-4399

4.     Respondent:                   Bernard Kay Ross

5.     Counsel for Respondent:     Riann C. Moore, on appeal
Public Defender's Office
Dallas County, Texas
133 N. Riverfront Blvd., LB 2
Dallas, Texas  75207

                                                      Davey O. Lamb, at trial
P.O. Box 596244
Dallas, Texas  75359

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

The State of Texas submits this Petition for Discretionary Review of the decision of the Court of Appeals for the Fifth District of Texas at Dallas, modifying the trial court's decision on Appellant's deferred adjudication order, which was appealed from the 203rd Judicial District Court of Dallas County, Texas, in Trial Cause No. F13-24874-P (Appeal Cause No. 05-14-00014-CR).

## STATEMENT REGARDING ORAL ARGUMENT

The issues raised in the State's Petition for Discretionary Review are not complex and the pertinent underlying facts are apparent in a small portion of the record. Thus, the issues in this case can be decided on the briefs submitted by the parties. The State does not request oral argument if this Petition for Discretionary Review is granted, although the State will argue its case if this Honorable Court desires.

## STATEMENT OF THE CASE

Appellant pled guilty to robbery and was placed on deferred adjudication community supervision for 10 years. (CR2: 15). The trial court ordered that Appellant's term of community supervision would be stacked onto his prison sentence in his companion burglary case. (CR2: 4; RR3: 27-29).

1

## STATEMENT OF PROCEDURAL HISTORY

On April 4, 2014, Appellant filed a brief raising six points of error on direct appeal of his conviction. The State filed its response to Appellant's brief on June 2, 2014. Both parties presented oral argument to the Court of Appeals on November 12, 2014. On December 17, 2014, the Dallas Court of Appeals issued an unpublished opinion modifying the trial court's decision on Appellant's deferred adjudication order by deleting the stacking order. *Ross v. State*, No. 05-14-00014-CR, 2014 Tex. App. LEXIS 13479 (Tex. App. – Dallas Dec. 17, 2014) (not designated for publication). This Petition for Discretionary Review is timely if filed on or before January 16, 2015.

## QUESTION PRESENTED FOR REVIEW

Did the Court of Appeals err in determining that the trial court improperly stacked Appellant's term of deferred adjudication community supervision in this case on his prison sentence in another case?

## ARGUMENT

**THE COURT OF APPEALS ERRED BY DELETING THE TRIAL COURT'S ORDER STACKING APPELLANT'S TERM OF DEFERRED COMMUNITY SUPERVISION IN THE INSTANT CASE ON HIS PRISON SENTENCE IN ANOTHER CASE.**

2

In his brief on direct appeal, Appellant claimed the trial court erred in stacking his term of deferred adjudication community supervision in the instant robbery case on his prison sentence in his burglary case. The Dallas Court of Appeals determined the issue in Appellant's favor and modified his deferred adjudication order to reflect that his period of community supervision is to run concurrently with his sentence in the burglary case. *Ross v. State*, No. 05-14-00014-CR, 2014 Tex. App. LEXIS 13479 (Tex. App. – Dallas Dec. 17, 2014) (not designated for publication).[1] The State will demonstrate that this Court's review of the decision of the Court of Appeals is appropriate under Tex. R. App. P. 66.3(a) because the Court of Appeals' decision conflicts with another Court of Appeals' decision on the same issue.

### RELEVANT FACTS

At the conclusion of the hearing on the revocation of Appellant's probation in Cause No. F12-57536 (the burglary case) and consideration of the new charges in Cause No. F13-24874 (the instant robbery case), the court stated the following:

> THE COURT: You know what, Mr. Bernard, I am just disgusted with you. And I -- you know, I could imagine myself being out there and someone like you and some other person coming up and doing this. And here's what really perturbs the Court is that I tried to help you. I cut your fines and your court costs and I did everything I

---

[1] Appellant's robbery and burglary cases were considered in the same appeal. Because the deletion of the stacking order involves only the robbery case, this Petition for Discretionary Review is being filed only in the robbery case.

3

possibly could. And to be real honest with you, I'm going to tell you this, you should get 20 years right this minute, that's what you should get. But due to your age, I'm going to give you a chance. **And in Cause Number F12-57536, I am going to grant the State's motion to revoke your probation. I'm going to assess your punishment in that case at ten years confinement in the state jail -- in the Texas Department of Criminal Justice. And your back time will be granted. And all cost will run currently with your time.** And I'm going to place on here that you should enter the SAFPF program while you are in prison, because it would be advisable for you while you are serving your time. And hopefully you will probably do four -- at least four or five years.

**Then in Cause Number F13-24874, I am going to not find you guilty of this offense, however, I am going to place you on ten years deferred probation.** So when you get out of prison, whatever time you have left -- look at you. Do you want -- do you want me to give you 40 right now? Because I sure as hell will. I will give you 20 on each case and stack them, because I am tired of this bullshit. So you're lucky you're not getting 40 right now. Wise ass out there. I don't give a damn if it is a fake gun. No, she didn't know it was a fake gun.

**So when you get out of prison, you're going back on probation for ten years, and if you didn't do the SAFPF program and – I'm going to send you to SAFPF at the beginning of that probation.** I've got zero tolerance on that case. And you will -- you will have -- you will be on probation for that case and then, sir, -- look at me. If you mess up on that case, I can still give you 20. So you're going to either learn as a young man to get your act together or just spend the rest of your life in prison hanging out with that guy smoking whatever crap you guys were smoking. I'm sick of it and the community is sick of it.

And you can tell those people in jail, yes, Judge Hawthorne will help you, and she'll do everything for you, but then when you don't do it – you're lucky you're not getting 40. Do you have any questions, sir? Yes.

THE DEFENDANT: Why wouldn't I just get ten and ten and run concurrent?

4

THE COURT: Because you're not the Judge, and I'm making the decision, that's why. Do you have another question?

THE DEFENDANT: No, Your Honor.

(RR3: 27-29) (Emphasis added). The court then sentenced Appellant to prison time in Cause No. F12-57536. (RR3: 29). The court's docket sheet in Cause No. F13-24874-P states, "This prob [probation] will begin AFTER Def serves time on Cause F 12-57536[.]" (CR2: 4).

## SENTENCES WERE PROPERLY CUMULATED

The Code of Criminal Procedure gives trial courts the discretion to cumulate sentences for two or more separate convictions, or to have such sentences run concurrently. Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2013) provides the following:

> [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases….

A trial court's decision to cumulate sentences is reviewed for an abuse of discretion. *Nicholas v. State*, 56 S.W.3d 760,765 (Tex. App. – Houston [14th Dist.] 2001, pet. ref'd).

In the instant case, the Dallas Court of Appeals followed its earlier decision in *Hurley v. State*, 130 S.W.3d 501,503 (Tex. App. – Dallas 2004, no pet.), in

5

which the Court considered whether a deferred adjudication community supervision could be stacked on a prison sentence and decided that it could not be stacked. Hurley argued that because he was placed on deferred adjudication, he was not convicted in that case, and the trial court lacked authority to stack his community supervision onto his prison sentence. *Id*. at 504. The Dallas Court of Appeals determined that a "conviction" always involves an adjudication of guilt and, therefore, a court's action in deferring the proceedings without an adjudication of guilt is not a "conviction." *Id*. at 505 (citing *McNew v. State*, 608 S.W.2d 166,171 (Tex. Crim. App. 1978)). Because Hurley's deferred adjudication community supervision was not a conviction for purposes of article 42.08, the Court of Appeals concluded that the trial court abused its discretion in ordering the deferred adjudication to begin after Hurley served his prison sentence. *Id*. at 507. The decision of the Dallas Court of Appeals in *Hurley* was followed by the First Court of Appeals in *Beedy v. State*, 194 S.W.3d 595,601 (Tex. App. – Houston [1st Dist.] 2006), *aff'd on other grounds*, *Beedy v. State*, 250 S.W.3d 107 (Tex. Crim. App. 2008).[2]

The Corpus Christi Court of Appeals, however, has reached a conflicting decision under the same facts considered in *Hurley*. In *Ex parte Garza*, 192

---

[2] In affirming *Beedy*, the issue before this Court appears to have been only which remedy (reforming the judgment or remanding for a new punishment hearing) was proper.

S.W.3d 658,660 (Tex. App. – Corpus Christi 2006, no pet.), the trial court ordered that Garza's ten years of community supervision for attempted indecency be deferred and take effect after he was released from prison for felony DWI. Thereafter, when Garza was released from prison, the trial court entered an order that he begin to serve ten years of community supervision for attempted indecency with a child. *Id.* Garza cited the Dallas Court's opinion in *Hurley* to argue that the trial court could not stack the deferred adjudication without a conviction on the prison sentence. *Garza*, 192 S.W.3d at 661. The Corpus Christi Court of Appeals rejected that argument as follows:

> However, the conclusion reached in *Hurley* does not apply here. It is well established that a defendant placed on deferred adjudication, in addition to not yet being *convicted*, also has not yet had a *sentence* imposed. *See Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); *see also Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). Article 42.08 explicitly requires a second "sentence" that begins when the preceding sentence "ceases to operate" for there to be stacking of sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2005). A trial court cannot be in violation of a sentence-stacking statute if there is only one sentence involved. *See id.* In this case, there was neither a conviction nor a sentence imposed by the court for the second case at the time Garza was given deferred adjudication. The conviction and sentencing in the second case were imposed after Garza was released from imprisonment for the first case, thus giving the trial court the authority at that point to order the commencement of Garza's sentence of community supervision.
>
> Because we conclude that this is not a case of illegal sentence stacking, we overrule Garza's first issue.

*Garza*, 192 S.W.3d at 661-662 (Emphasis in original).

The State requests that this Court consider the conflict among the Courts of Appeals and overrule the decision in *Hurley* and the instant case for the same reasons given in *Garza*. As in *Garza*, there was only one sentence imposed in the instant case. The trial court sentenced Appellant to prison time in the burglary case, Cause No. F12-57536, but deferred adjudication and did not pronounce sentence in the instant case, Cause No. F13-24874. Because there is only one sentence involved, the trial court cannot be in violation of article 42.08, which provides for the stacking of two sentences.

The State submits that the Dallas Court of Appeals should have concluded that the trial court can properly stack Appellant's term of deferred adjudication community supervision onto his prison sentence in his burglary case. Therefore, the Court of Appeals should not have modified his deferred adjudication order to reflect that his period of community supervision is to run concurrently with his sentence in the burglary case. To correct this error by the Dallas Court of Appeals, this Court should grant the State's Petition for Discretionary Review and affirm the trial court's decision regarding the order to stack his term of community supervision onto his prison time.

**PRAYER**

For all the foregoing reasons, the State prays that this Honorable Court will grant this petition for discretionary review, and upon review of the opinion in this

8

cause, reverse the decision of the Court of Appeals for the Fifth District of Texas at Dallas to modify his deferred adjudication order to reflect that his period of community supervision is to run concurrently with his burglary sentence.

Respectfully submitted,

*Karen R. Wise*

SUSAN HAWK
Criminal District Attorney
Dallas County, Texas

KAREN R. WISE
Assistant District Attorney
State Bar No. 21810200
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3637
(214) 653-3643 *fax*

## CERTIFICATE OF SERVICE AND WORD-COUNT COMPLIANCE

I hereby certify that a true copy of the foregoing PDR was served on Riann C. Moore, attorney for Appellant, Dallas County Public Defender's Office, 133 N. Riverfront Blvd., LB 2, Dallas, Texas 75207-4399, by hand delivery and electronic communication through eFile.txcourts.gov to Riann.Moore@dallascounty.org, on January 22, 2015. I further certify that this document contains 2,554 words, inclusive of all contents.

I hereby certify that a true copy of the foregoing PDR was served on Lisa C. McMinn, State Prosecuting Attorney, by electronic communication through eFile.txcourts.gov to information@spa.texas.gov on January 22, 2015.

*Karen R. Wise*

KAREN R. WISE

9

# **APPENDIX**



**BERNARD KAY ROSS, Appellant v. THE STATE OF TEXAS, Appellee**

**No. 05-14-00014-CR, No. 05-14-00015-CR**

**COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS**

*2014 Tex. App. LEXIS 13479*

**December 17, 2014, Opinion Filed**

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1] On Appeal from the 203rd Judicial District Court Dallas County, Texas. Trial Court Cause Nos. F13-24874-P and F12-57536-P.

**CASE SUMMARY:**

**OVERVIEW:** ISSUE: Whether a trial court could stack a term of deferred adjudication community supervision onto a prison sentence. HOLDINGS: [1]-It was error for a trial court to stack defendant's term of deferred adjudication community supervision onto his prison sentence, under *Tex. Code Crim. Proc. Ann. art. 42.08(a)* (Supp. 2014), because the deferred adjudication did not include an adjudication of guilt, so it was not a conviction for purposes of the statute.

**OUTCOME:** Judgment affirmed as modified.

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Sentencing > Appeals > Standards of Review > Abuse of Discretion*
*Criminal Law & Procedure > Sentencing > Concurrent Sentences*
*Criminal Law & Procedure > Sentencing > Consecutive Sentences*
*Criminal Law & Procedure > Sentencing > Multiple Convictions*
*Criminal Law & Procedure > Preliminary Proceedings > Pretrial Diversion > Appellate Review & Judicial Discretion*

[HN1] An appellate court reviews a trial court's decision to cumulate sentences for an abuse of discretion. Cumulative sentencing is permitted only as provided by statute. *Tex. Code Crim. Proc. Ann. art. 42.08* (Supp. 2014) provides that when a defendant has been convicted in two or more cases, a trial court has discretion to order the judgment and sentence imposed in the second conviction either 1) to begin to run after the judgment and sentence imposed in the preceding conviction has ceased to operate, or 2) to run concurrently with the judgment and sentence imposed in the preceding conviction. *Tex. Code Crim. Proc. Ann. art. 42.08(a)* (Supp. 2014). Because it does not include an adjudication of guilt, a deferred adjudication order is not a conviction for purposes of *Tex. Code Crim. Proc. Ann. art. 42.08* (Supp. 2014). Under the statute, a trial court does not have discretion to stack two sentences until a defendant has been convicted of two or more offenses and sentences are imposed or suspended in those cases. Accordingly, a trial court abuses its discretion in ordering a deferred adjudication to begin after a defendant serves his or her prison sentence.

**COUNSEL:** For Appellants: Riann Moore, Katherine Drew, Lynn Richardson, Dallas, TX.

For Appellees: Karen Wise, Craig Watkins, Dallas, TX.

**JUDGES:** Before Justices FitzGerald, Lang, and Brown. Opinion by Justice Brown.

**OPINION BY:** ADA BROWN

**OPINION**

**MEMORANDUM OPINION**

Opinion by Justice Brown

Bernard Kay Ross appeals from an order of deferred adjudication for robbery and a conviction for burglary. At issue is whether a trial court can stack a term of deferred adjudication community supervision onto a prison sentence. This Court has already determined this issue in appellant's favor. We modify the order of deferred adjudication to reflect that the period of community supervision is to run concurrently with the burglary sentence. We further modify the order and also the judgment of conviction to make other revisions the parties agree upon. As modified, we affirm the trial court's order and judgment.

In 2012, appellant was indicted for burglary of a habitation. He pleaded guilty pursuant to a plea bargain agreement and was placed on deferred adjudication community supervision for six years and fined $2,500. In 2013, appellant was indicted for robbery.[1] Based on this new offense, among other things, the State moved to revoke appellant's community **[*2]** supervision.

> 1  Appellant was indicted for aggravated robbery, but the trial court later granted the State's motion to reduce the charge to robbery.

On November 1, 2013, appellant pleaded guilty to robbery and true to the allegations in the State's motion to revoke. The court revoked appellant's community supervision, adjudicated appellant guilty of burglary, and assessed punishment for that offense at ten years' confinement. The court also deferred finding appellant guilty of robbery and placed him on deferred adjudication community supervision for ten years. The court orally pronounced that the term of deferred adjudication would

begin after appellant served his prison sentence, stating, "So when you get out of prison, you're going back on probation for ten years."

In his first point of error, appellant contends the trial court erred in stacking his term of deferred adjudication community supervision onto his prison sentence. We agree.

[HN1] We review a trial court's decision to cumulate sentences for an abuse of discretion. *Hurley v. State, 130 S.W.3d 501, 503 (Tex. App.--Dallas 2004, no pet.).* Cumulative sentencing is permitted only as provided by statute. *Id. Article 42.08 of the code of criminal procedure* provides that when a defendant has been *convicted* in two or more cases, the trial court has discretion **[*3]** to order the judgment and sentence imposed in the second conviction either 1) to begin to run after the judgment and sentence imposed in the preceding conviction has ceased to operate, or 2) to run concurrently with the judgment and sentence imposed in the preceding conviction. *Id.; see* TEX. CODE CRIM. PROC. ANN. *art. 42.08(a)* (West Supp. 2014). In *Hurley*, we held that, because it does not include an adjudication of guilt, a deferred adjudication order is not a conviction for purposes of *article 42.08. Hurley, 130 S.W.3d at 505*; *see Beedy v. State, 194 S.W.3d 595, 602 (Tex. App.--Houston [1st Dist.] 2006), aff'd, 250 S.W.3d 107 (Tex. Crim. App. 2008).*[2] Under the statute, the trial court does not have discretion to stack two sentences until a defendant has been convicted of two or more offenses and sentences are imposed or suspended in those cases. *Hurley, 130 S.W.3d at 506.* Accordingly, we concluded the trial court abused its discretion in ordering the deferred adjudication to begin after the defendant served his prison sentence. *Id. at 507.* We reach the same conclusion in this case.

> 2  In *Beedy*, the court of criminal appeals addressed only the issue of what the appropriate remedy was for an improper cumulation order -- deletion of the improper cumulation order or remand for resentencing. *Beedy, 250 S.W.3d at 109.* The court determined the proper remedy was to delete the cumulation order. *Id. at 115.*

The State urges **[*4]** us to reconsider this issue in light of *Ex parte Garza, 192 S.W.3d 658 (Tex. App.--Corpus Christi 2006, no pet.).* The court of appeals in that habeas case did not disagree with *Hurley* but instead found the conclusion we reached did not apply. *Id*

*. at 661.* It seemed to draw a distinction based on the fact that Garza had already been released from prison and, upon his release, the court had entered a new order that he begin to serve his deferred adjudication community supervision. *Id. at 660-62.* It ruled that a trial court cannot be in violation of a sentence stacking statute if there is only one sentence involved. *Id. at 662.* We do not find Garza persuasive and will follow the precedent of this Court.

Although the trial court orally pronounced that the term of community supervision would begin to run after appellant served his prison term, its order of deferred adjudication is silent on whether the period of community supervision is to run concurrently or consecutively with the prison sentence. Nevertheless, to be clear, we modify the order to reflect that the period of deferred adjudication community supervision is to run concurrently with the sentence in the burglary case. We sustain appellant's first point of error.

In points two through six, appellant contends we need to make other **[*5]** modifications to the order of deferred adjudication, as well as the judgment in the burglary case, to correct various errors. Specifically, he contends the order and judgment both erroneously indicate there was a plea bargain agreement, when his pleas of guilty and true were open pleas. He also contends the documents incorrectly reflect that the State's attorney was Herschel Wood, when the reporter's records show it was Stephanie Mitchell. Finally, appellant contends the judgment of conviction does not reflect the court's oral order that he attend the Substance Abuse Felony Punishment Facility (SAFPF) drug program while in prison.[3] The State agrees these modifications should be made. *See Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.--Dallas 1991, pet. ref'd)* (appellate court has power to correct and reform judgment of court below to make record speak truth when it has information to do so). We sustain points of error two through six.

> 3   The trial court stated, "And I'm going to place on here that you should enter the SAFPF program while you are in prison, because it would be advisable for you while you are serving your time."

We modify the order of deferred adjudication in cause number F13-24874-P to reflect that: 1) the period of community supervision is to **[*6]** run concurrently with the sentence in cause number F12-57536-P; 2) the attorney for the State was Stephanie Mitchell; and 3) the "Terms of Plea Bargain" are none. We modify the judgment in cause number F12-57536-P to reflect that: 1) the attorney for the State was Stephanie Mitchell; 2) the "Terms of Plea Bargain" are none; and 3) appellant shall attend SAFPF. We order the trial court to enter a new order of deferred adjudication and a new judgment of conviction to reflect these modifications. As modified, we affirm the trial court's order of deferred adjudication and its judgment of conviction.

/Ada Brown/

ADA BROWN

JUSTICE

Do Not Publish
*TEX. R. APP. P. 47.*

**JUDGMENT**

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

The period of community supervision is to run concurrently with the sentence in cause number F12-57536-P.

The attorney for the State was Stephanie Mitchell.

The "Terms of Plea Bargain" are none.

We **ORDER** the trial court to enter a new order of deferred adjudication to reflect these modifications. As **MODIFIED**, the order is **AFFIRMED**.

Judgment entered this 17th day of December, 2014.

**JUDGMENT**

Based on the Court's opinion of **[*7]** this date, the judgment of the trial court is MODIFIED as follows:

The attorney for the State was Stephanie Mitchell.

The "Terms of Plea Bargain" are none.

The defendant shall attend SAFPF.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of December, 2014.